JOHN M. FRENCH, *Plaintiff in Error*,

*vs.*

HAINES F. OWEN, *Defendant in Error.*

ERROR TO THE COLUMBIA CIRCUIT COURT.

Any permission or license to overflow the lands of another, must be esteemed a power concerning and necessarily relating thereto, which, to be effectual or permanent, must be expressed by deed or conveyance in writing.

But though a parol license to flow lands of another may convey no interest, right or title, yet it is a good defence to an action of trespass for such flowing, and evidence of such parol license is admissible in evidence as an excuse for the alleged trespass until countermanded.

This is a proceeding under an act relating to mills and mill dams, approved January 13, 1840, and repealed January 1, 1850.

The defendant in error filed, in the Circuit Court of Columbia county, a complaint against the plaintiff in error, setting forth that he was the owner of a certain piece of land in said county; that a stream of water, not navigable, known as French's creek, ran through said land; that on the 1st day of October, 1848, the plaintiff in error made and erected a water saw mill on said stream, and a dam to raise water for working said mill across the stream, and that the said plaintiff in error has ever since maintained said dam, thereby raising and flowing back the water upon said defendant's land, so as to overflow and cover with water the whole of said land, except five acres thereof, killing the grass, and making the same useless, and claiming one thousand dollars damages.

A motion was made by the defendant to dismiss

the suit, for the following reasons :

1st. Because the complaint or declaration was not sufficiently or properly entitled.

2d. Because said complaint was not returnable to any definite term of the court. . .

3d. The notice to the defendant, to appear and answer the complaint, was not served twenty days before said term.

4. The act in relation to mills and mill dams, under which said complaint was filed, had been repealed before the filing of said complaint, and there was no law authorising said proceedings.

This motion was overruled by the court, and the defendant excepted. Afterwards, the issue joined between the parties, came on to be tried by a jury. Upon the trial, the plaintiff gave in evidence, the patent from the United States, issued to him, for the land in question ; he also introduced a witness, who testified that this land was covered with water by reason of a dam erected by the defendant, and that the dam is located on the defendant's land, one half a mile below the plaintiff's land, and the creek upon which it is erected, runs through the plantiff's land.

The defendant offered to prove a parol license to flow the land in question, previous and subsequent to the erection of the dam and mill of said defendant, and before the commencement of this suit ; but to the admission of such evidence, the counsel for the plaintiff objected, because parol evidence was not admissible to prove a license to flow land. The judge held the objection well taken, and rejected the evidence, to which the defendant excepted.

The defendant then requested the judge to charge

Dec. Term
1853.

French
vs.
Owen.

the jury, that if they found from the evidence that the land in question was flowed and covered with water at the time when it was purchased by plaintiff and the patent issued therefor, that in that case the plaintiff ought to recover no damages ; which was refused ; and the judge charged the jury that the fact that the land was flowed by the defendant's dam before, and at the time the plaintiff purchased it of Government, did not bar the plaintiff's right to recover damages for flowing the same subsequent to his purchase. To which charge, the defendant excepted. The jury rendered a verdict for the plaintiff, for $200 gross damage, and $30 annual damage.

The defendant below, for error, assigns the following causes :

1st. The court below erred in overruling the motion of the defendant to quash or dismiss the suit.

2d. The court below erred in ruling out the evidence which defendant below offered on said trial, of a parol license to flow said land.

3d. The court below erred in refusing to charge the jury that if they found from the evidence that the land in question was flowed and covered with water on the first day of August, 1849, the time when said land was purchased by said Owen, and the patent issued therefor, then and in that case the said Owen ought not to recover any damages.

4th. The court below erred in charging the jury that the plaintiff below could recover damages of defendant below, for flowing the same land before the defendant purchased the same of the United States And the plaintiff in error prays, &c.

*Ketchum & Hand,* for the plaintiff in error.

The complaint in this case is in the nature of a declaration, and being filed under our present rules of practice, should have conformed to them.

The complaint is defective in this, that it is not entitled of any day either in term or vacation. *Rule* 3.

The defendant was never legally notified to appear and defend. *Stat. of* 1840, *sec.* 5, 6.

A parol license is a good defence against the action brought by plaintiff below, and the court below erred in refusing to let defendant below prove a parol license from plaintiff to him, to raise and keep up his dam. *Crosby vs. Wadsworth,* 6 *East. Rep.* 602 ; 8 *East.* 308, *Wharton's Edition,* 429 ; 4 *Watts' Rep.* 317 ; 12 *Pickering,* 120 ; 6 *Hill's Rep.* 61 ; 2 *Saunders' Rep.* 113, *note* (*c*).

*Collins & Smith,* for the defendant in error.

The right to flow another's land is an easement, an incorporeal hereditament, an interest in land, and cannot be made except by deed ; and proof of a parol license cannot be given, to avoid an action for damages. *Hall vs. Chaffe,* 13 *Vermont,* 150 ; *Serdenspanger vs. Spear,* 5 *Shepl.* 123–9 ; 2 *Met.* 462 ; *Branch vs. oane,* 17 *Conn.* 402, &c. ; *Angel on Watercourses,* § 168 *to* 173–285 *to* 295 ; 2 *Met.* 520 ; *Cook vs. Stearns,* 1 1 *Mass.* 533 ; *Mumford vs. Whitniy,* 19 *Wend,* 380.

*By the Court,* CRAWFORD, J. The first error assigned in this case, relates to the overruling of the motion to dismiss the proceedings in the Circuit Court. The motion possessed no merits, and the court decided correctly in overruling it. The second error as-

signed presents the question upon which we will dispose of the case.

On the trial in the Circuit Court, the respondent (who is plaintiff here) offered to prove by a witness, a *parol* license to flow the land in question, given to him before the erection of his mill and dam, and also subsequent thereto, and previous to the commencement of these proceedings. The complainant objected to the introduction of this evidence, on the ground that *parol* proof whs inadmissible to show a license to flow lands, and the court sustained the objection, and refused to permit this evidence to be given. The dam in question was not erected on the land of the complainant, but by means thereof, the water was "flowed back" upon his land, which is situated above the dam on a stream or creek not navigable, known as "French's creek."

Section 6, title 1, of an act of the Territory of Wisconsin, entitled "An act to prevent fraudulent conveyances and contracts relative to real and personal property," (which act was in force at the time of the erection of this mill and dam,) provides "that no estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing," &c. In view of this section of the statute, we think that any permission or license to overflow the lands of another, must be esteemed to be a *power* concerning and necessarily *relating* thereto, which, to be effectual and permanent, must be expressed by deed or conveyance in writing.

But although a *parol* license would be inadequate to vest in the respondent a *permanent* right to overflow the complainant's land, it should at least be received as a defence for any alleged injury sustained in consequence of the doing of the act or acts permitted, so long as the license was not revoked.

"It does not follow," says Mr. Justice Cowen, in *Miller vs. The Auburn and Syracuse Railroad Co.*, 6 *Hill*, 61, "by any means, that because a license is void for the purpose of carrying an interest irrevocable, it may not enure as a personal authority, and until revoked, protect the defendant against an action for a wrong."

In *Hewling vs. Shippam*, 5 *Barn. & Cres.* 221, Mr. Justice Bailey, after a somewhat elaborate examination of the English cases, holds that a parol license might be an excuse for a trespass, until such license were countermanded, although it would be insufficient to support a right and title. The same principle is maintained in *Branch vs. Doane.* 17 *Conn.* 412, *and Mumford vs. Whitney*, 15 *Wend.* 380.

We hold that a *parol* license to overflow the adjacent lands of the person giving such license, by means of a mill dam constructed on the lands of the person to whom the license is given, although insufficient to vest in the latter any power over, or right to, the land overflowed, is admissible as evidence in justification of any alleged trespass or injury by such overflowing, during the continuance of the license, and while it remained unrevoked; and if so admissible in an action of trespass, we think it is equally so in a proceeding like the present, which by section twenty-eight of the act concerning mill dams (*Session Laws of* 1840, *pp.* 65, 69,) was given instead of an action at common law.

The object, in either form of proceeding, would be to obtain compensation for an injury sustained, and a license would certainly be a good defence to such claim. The case of *Seymour vs. Carter*, 2 *Met.* 520, is analogous to the one before us.

We believe the Circuit Court erred in rejecting the evidence of parol license offered by the defendant, and therefore the judgment must be reversed, and the cause remanded for a new trial.