## CLUTE vs. CARR.

*Permanent right to flow land cannot be created by parol.*

The doctrine that a license executed is irrevocable, is confined to licenses under which no interest in land passed; and a permanent right to flow land by the erection and maintenance of a mill-dam cannot be created by parol.

APPEAL from the Circuit Court for *Columbia* County.

Action under mill-dam act, for flowage of plaintiff's lands. One of the defenses was, that defendant had a right to flow the lands by virtue of a parol license given by one Doty while owner of them, or agent of the owner. · The plaintiff appealed from a judgment for the defendant.

*Abbott & Hutchinson,* for appellant, to the point that the license was void by the statute of frauds, cited *Moulton v. Faught,* 41 Me., 298; *Pitman v. Poor,* 38 id., 237; *Mumford v. Whitney,* 15 Wend., 381; *French v. Owen,* 2 Wis., 250; *Hazleton v. Putnam,* 3 Chand., 117; *Thompson v. Gregory,* 4 Johns., 81. The license from Doty (if any) was revocable. The conveyance of the land was a revocation. *Miller v. Auburn & S. R. R. Co.,* 6 Hill, 61; 38 Me., 237.

*Emmons Taylor* and ·*G. C. Prentiss,* for respondent:

A parol license executed is not within the statute of frauds. Ang. on W. C., secs. 318–325; *Le Fevre v. Le Fevre,* 4 S. & R., 241; *Rerick v. Kern,* 14 id., 267; *Williams v. Earl of Jersey,* 1 Craig & Phil., 91. It is treated as a grant, and is irrevocable unless the party can be placed in his former position. It is an estoppel *in pais. Norton v. Kearney,* 10 Wis,, 443; *Pettibone v. La C. & Mil. R. R. Co.,* 14 id., 443. See also Washb. on Easements, 19, 20, 315; *Winter v. Brockwell,* 8 East, 309; *Taylor v. Waters,* 7 Taunt., 374; *Wood v. Manley,* 11 Ad. and Ellis, 34, Per COLERIDGE, J.; *Addison v. Hack,* 2 Gill, 221; *Wilson v. Chalfant,* 15 Ohio, 248; *Woodbury v. Parshley,* 7 N. H., 237; *Campbell v. McCoy,* 31 Pa. St., 263; *Lacy v. Arnett,* 33 Pa. St., 169; *Pierrepont v. Barnard,* 2 Seld., 279.

DOWNER, J. The appellant alleges that the circuit court erred in giving the following instruction to the jury: " If Doty either owned the land or was agent having authority to do so, and encouraged the building of the mill, and agreed to flowage, and the water has not been raised above the height that he gave permission to raise it, plaintiff cannot recover, unless

it has been raised since it passed from the ownership of Doty or his principal. A parol or oral license or permission is sufficient."

A license is an authority to do some one act or series of acts, on the land of another, without passing any estate in the land. *Cook v. Stearns*, 11 Mass., 536; *Mumford v. Whitney*, 15 Wend., 390; 3 Kent's Com., 452. The instruction was to the effect that a permanent right to overflow the land of the plaintiff could be created by license or permission. This would be giving it all the effect of a deed or grant, provided it had once been acted on. And the respondent contends that such is the doctrine of courts of equity. We think, however, that the weight of authority is against him; and that the doctrine that a license *executed* is irrevocable, must be confined to those licenses under which, when executed, it cannot be claimed that any estate or interest in lands passed; as a license to go upon land and cut and remove trees, or to pass over it, or hunt. See authorities above cited; also *French v. Owen*, 2 Wis., 250.

It follows that the instruction was erroneous.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.