## DUINNEEN VS. RICH.

*Statute of frauds—Right of way:—License to pass over land—How licensee estopped.*

1. A right of way, whether a freehold or only for a fixed term, cannot be created by parol.
2. An oral agreement for a right to draw logs across defendant's land for a less term than a year, for a money consideration (not being an incident to any valid grant), *held* a mere license, revocable at will.
3. Receipt of the consideration money by the licenser would not estop him from alleging a revocation.
4. Whether, where the licensee has expended money on the faith of the license, and put himself in a position where he would be seriously damaged by a revocation, the licenser would be estopped, is not here determined, the damage proven in this case being too trifling for an application of that doctrine.

APPEAL from the Circuit Court for *Waupaca* County. The case is stated in the opinion.

*Myron Reed,* for appellant, to the point that a license founded upon a consideration cannot be revoked, cited 2 Am. L. C., 736–43; 2 Seld., 288; 10 Johns., 246; 7 id., 288; 15 Wis., 229; Cow. Tr., 409.

*M. H. Sessions, contra,* cited *Hall v. Chaffees,* 13 Vt., 150; *Pierrepont v. Barnard,* 6 N. Y., 279; *Houston v. Laffee,* 46 N. H., 505; *Ruggles v. Lesure,* 24 Pick., 187; *Miller v. Auburn & Syr. R. R. Co.,* 6 Hill, 61; *Selden v. D. & H. Canal Co.,* 29 N. Y., 634; *Mumford v. Whitney,* 15 Wend.,

380; *Dexter v. Hazlen*, 10 Johns., 244; *Ex parte Coburn*, 1 Cow., 568; *Huff v. McCauley*, 53 Pa. St., 206; *French v. Owen*, 2 Wis., 250; *Wood v. Leadbitter*, 13 M. & W., 837; Angell on Watercourses (4th ed.), 326–59; 2 Am. L. C. (2d ed.), 736–56.

PAINE, J. This action was brought for a trespass committed by the defendant in drawing logs across the land of the plaintiff. It was tried in a justice's court before a jury, who found for the defendant; and on appeal to the circuit court, where it was tried on the evidence returned by the justice, the judgment of the justice was reversed; and from that judgment of reversal this appeal is taken. The material question in the case—and it is one of much interest—arises out of the defense interposed, which was, that the defendant had made a verbal agreement with the plaintiff for the right to draw logs across his land during the winter, for the sum of five dollars. There was no dispute that such a verbal agreement was made, but as the plaintiff claimed that the money was not paid according to the agreement, he revoked his permission and forbade the defendant to enter upon his land. The defendant, however, continued to enter upon it, and the action was brought.

There is a great variety of decisions, and considerable conflict among them, as to the effect of such an agreement. But there is a clear weight of authority, as well as of the argument, in favor of the conclusion that such an agreement amounts to no more than a mere license, which is revocable at any time by the owner of the land. *Foot v. N. H. and N. C. and others*, 23 Conn., 214; *Jameson v. Millcman*, 3 Duer, 255; *Mumford v. Whitney*, 15 Wend., 380; *Miller v. R. R. Co.*, 6 Hill, 61; *Fuhr v. Dean*, 26 Mo., 116; *Wingard v. Tift*, 24 Ga., 179; Brown on Statute of Frauds, chap. 2; Gale and Whately on Easements, chap. 3, sec. 1.

While the doctrine that a mere license is from its very nature revocable, was fully conceded by the counsel for the appellant, he yet claimed that this was something more than a mere license; that it was a contract for a consideration, and gave the defendant such an interest that the right granted was no longer revocable. But the answer is, that the contract was not made in the manner required by law, in order for it to have that effect. To have such effect, it should have been in writing. For the moment a right to enter upon lands becomes more than a mere license, so that the person having it may enter and enjoy his right without the consent of the owner, it becomes such an interest in lands as can only be created by writing, unless it comes within some of the exceptions in the statute of frauds These exceptions are different in different states. And most of those in this country are different from the exceptions in the English statute. The latter excepted from its provisions "leases not exceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord during such term, shall amount to two-thirds part at least of the full improved value of the thing demised." It will readily be seen that in cases like that of *Wood v. Leadbitter*, 13 M. & W., 843, which is the leading English case relating to the effect of such parol license, there was no ground for claiming that the agreement was valid as a lease within this exception of the English statute. For even if the right bargained for had been of such a nature as to make it the proper subject matter of a lease, still the latter clause of the exception seems wholly inapplicable to such an agreement.

But the exception in our statute contains no such clause. Under it, parol leases of lands for a term not exceeding one year are valid, without regard to the rent reserved, or the value of the thing demised. R. S., chap. 106, sec. 6. If,

therefore, the defendant had agreed with the plaintiff by parol for a lease of the entire tract of land over which he wished to draw logs, or of any specific portion of it, during the winter, for five dollars, it would have been a good lease. And in view of that result, the question has occurred to us, whether the agreement here in question could be also sustained under this provision of the statute.

We have found no case where the precise question as to the effect of such verbal agreement, under this exception in the statute of frauds, has been determined. The question was suggested and commented on by counsel in the case of *Rhodes v. Otis*, 33 Ala., 578, but was not decided by the court.

It would seem somewhat strange, at first thought, to say that a parol lease of the whole land for the winter would have been good, and yet that a parol agreement for a right of way across it would not. And if the two rights were from their nature equally the proper subject of a lease, such a position could not be maintained. The question would then relate only to the statute of frauds; and if a parol agreement would be good for the greater interest, it must also be good for the less. But upon a closer examination of the question, we have come to the conclusion that there is another obstacle to the validity of this agreement, entirely independent of the statute of frauds, and growing out of the nature of the right bargained for. It was a right of way, for a specified time. This was an incorporeal hereditament, which, by the common law, could be created only by deed. The distinction between incorporeal and corporeal property, was that the one lay in livery and the other only in grant. The law upon this subject is very clearly stated, after a full review of the authorities, in *Hewlins v. Shippam*, 5 B. & Cr., 221 (11 Eng. Com. Law, 207). It is true, that case related to a freehold interest, which this does not; the

right of way here bargained for being only for a specified time. But the reasoning of the court seems as applicable in the one case as in the other. And such was evidently their opinion. They say: "A right of way, or a right of passage for water (where it does not create an interest in the land), is an incorporeal right, and stands upon the same footing with other incorporeal rights, such as rights of common, rents, advowsons, etc. It lies not in livery, but in grant; and a freehold interest in it cannot be created or passed (even if a chattel interest may, *which I think it cannot*), otherwise than by deed."

The difficulty, therefore, in sustaining this agreement under the section of the statute of frauds relating to parol leases for a year, is that there is no subject matter of a lease to which the statute can be applied. There was no agreement for the lease of the land, or any part of it. And there was no incorporeal right in existence to which the agreement for a lease could attach, even if such a right, after it had once been created by a valid grant, could be leased for a term less than a year by parol, which it is unnecessary to determine. The attempt here was to create an incorporeal right by parol, which, as we have seen, cannot be done.

The only other ground upon which the agreement could be enforced would be that of estoppel. In this case the consideration was not paid. But even if it had been, no estoppel could have been based upon that. It would be like the ordinary case of payment of the consideration on a parol agreement for the purchase of land, which has never been held sufficient to take the case out of the statute of frauds. To apply the doctrine of estoppel in such cases, and hold that the vendor could not deny the sale because he had received the money, would be in effect to abrogate the statute. The purchaser is also bound and presumed to

know that such parol agreements have no validity. He cannot, therefore, claim to have paid the money on the faith of the validity of the agreement. These are probably the reasons why the doctrine of estoppel has never been applied to such cases. See *Eggleston v. R. R. Co.*, 35 Barb., 172.

This subject is discussed in *Wood v. Leadbitter*, quoted in *Chynoweth v. Tenney*, 11 Wis., 408–9. If the doctrine of estoppel was ever applicable upon the mere payment of the consideration, it would seem to have been applicable in that case. The party had paid his money for the right to enter and remain upon certain grounds during some races. But the license was revoked, and he was put off without refunding the money. The right of the owner to revoke the license and put him off was sustained. And the court, in discussing the subject, said that if the owner of the land gave a license as an incident to a valid grant, as if he should sell personal property by parol with a license to the purchaser to enter upon his land and take it away, there the license could not be revoked. And it was put upon the ground of estoppel. But it was further said that if the owner should undertake to grant by parol that which could not be so granted, and a license should be given as an incident to such grant, there, the grant being void, the license would remain revocable, and there would be no estoppel. There was no valid grant in this case to which the license could be attached as an incident, and consequently no estoppel upon the ground stated in that case.

But there is a class of cases which have applied the doctrine of estoppel to such agreements, where the licensee has expended money on the faith of the license, and put himself in such a position that he would be seriously damaged by allowing it to be revoked. The case of *Rhodes v. Otis*, above cited, is one of that class, and in the opinion a number of others to the same effect are cited. There is another

class which holds the contrary doctrine, as the court there admits, and their conclusion is, perhaps, sustained to some extent by *Hazleton v. Putnam*, 3 Chand., 117, and *Clute v. Carr*, 20 Wis., 531. But we do not intend to pass finally upon the question between them. For the facts in this case do not show a sufficient ground for estoppel, even if the law be as held in *Rhodes v. Otis*. The evidence only shows that the defendant expended about ten dollars in repairing and shovelling snow upon the road, where he hauled his logs. And it appears from his own statement, that nearly the whole of this was expended before he had obtained any license at all. The balance of the amount was not only of trifling importance, but it does not even appear that he expended that on the faith of the parol agreement. He had already spent a larger amount without any license, and it is altogether probable that he would have expended what he did after the making of the agreement, even if he had known the license was revocable. The damage, if any, is of too trifling a character to form the basis for the doctrine of estoppel sanctioned by the cases above referred to.

*By the Court.*—The judgment is affirmed, with costs.