LOCKHART vs. GEIR and another.

*December 16, 1881 — January 10, 1882.*

| 54 | 133 |
| 91 | 390 |
| 54 | 133 |
| 59 LRA 837n | |

LICENSE TO FLOW LAND. *(1) Must be pleaded. (2) May be by parol: revoked by suit.*

1. In an action for a trespass to land, if defendant relies upon a license, it must be specially pleaded, and cannot be given in evidence under the general issue; but it is sufficient if the facts constituting the license are averred.

2. A mere license may be by parol, and is a defense as to all acts embraced within its terms, committed before its revocation; but the commencement of an action for damages by the licensor is a revocation.

APPEAL from the Circuit Court for *Dodge* County.

Action under the mill-dam law for past and future damages to plaintiff's land from the flowage thereof caused by defendants' dam.   The jury found for the plaintiff; that he was the owner of the land flowed; that he was entitled to recover $10 from defendants for flowage after the commencement of the action, and fifteen dollars annually for future flowage, or $200 in gross for the perpetual right to flow.   A new trial was refused; and, from a judgment pursuant to the verdict, the defendants appealed.

The errors alleged will sufficiently appear from the opinion.

*O. E. Dreutzer*, for the appellant.

The cause was submitted for the respondent on the brief of *R. L. Wing*.

COLE, C. J. The principal questions in this case are: Was evidence of a parol license to flow the plaintiff's land admissible under the answer? If so, would proof of such a license defeat a claim for damages prior to the commencement of the action? On the trial, the circuit court, against plaintiff's objection, admitted testimony offered on the part of the defendants which tended to prove that when the defendant *Henry* purchased the water-power and eighty acres of land of the plaintiff, the latter represented that it was a good water-power, having ten or twelve feet head, and would not flow more than twenty or twenty-five acres of the land which *Henry* proposed to purchase; that the land was plaintiff's; and that the defendants would have no trouble with any one on account of flowage. It is now insisted that such evidence was not admissible under the answer, because a license was not specially relied upon or pleaded therein.

Under the former system, license had to be specially pleaded in trespass, and could not be given in evidence under the general issue (1 Chit. Pl., 541); and doubtless the same rule obtains under the code. In this case, however, the answer, while it is informal, substantially sets up a license to flow the plaintiff's land, or what amounts to a license. After setting up the sale of the water-power by the plaintiff to the defendants, and the representations made by the plaintiff as to the height the water could be raised, it is alleged " that after the defendant had built his mill dam and erected his grist mill, he then found that he could get but nine feet head of water, and in getting that it overflowed more land than plaintiff represented it would; that the plaintiff then said that he owned all the land around said mill dam, and that it would be all right; and that the defendant aforesaid would have no trouble."

Now, under this allegation, the defendants might show that they had permission or license to flow the plaintiff's land in the first instance.   Certainly it was sufficient to enable them to prove that the plaintiff waived all damages caused by such flowage until the license was revoked; for the facts stated show an express authority to make use of the land for that purpose. Of course, proof of such permission to use the land would not establish a permanent right or privilege to flow (*Hazelton v. Putnam*, 3 Pin., 107; *French v. Owen*, 2 Wis., 250; *Clute v. Carr*, 20 Wis., 532); but it would justify the acts done while the license continued.   It seems to us, therefore, that there was no error in admitting the evidence of the parol license under the averments in the answer.   The learned counsel for the plaintiff insists that a permanent right to flow land comes within the statute of frauds and must be founded upon a deed or writing, or upon prescription, which supposes one.   This is undoubtedly a correct legal proposition; but where nothing beyond a mere license to do a certain act or series of acts upon another's land is contemplated, no interest in land is created. The license has the effect to make an act lawful, which, without it, would be unlawful; and that was the extent of the defense in the case.   The evidence given tended only to establish a defense to the claim for damages caused by the flowage while the license continued.    It only related to past, not future damages.

Some exceptions were taken to the charge of the court upon the point as to the effect of a parol license.   The court, in substance, charged that it was competent and legal for the plaintiff verbally to give his consent that the defendants might build their dam high enough to overflow his land, and if the jury found from the evidence that such consent was given, the plaintiff was not entitled to recover damages for any injury which was caused thereby previous to the commencement of the action.   The court also instructed the jury that such parol license or consent was revocable at the pleasure of the plaintiff,

and that, as there was no proof of any revocation except by the commencement of a suit, this, in law, would be deemed a revocation of such license. We can see no error in this charge of which the plaintiff can justly complain. If the parol license to flow his land was actually given by the plaintiff, it furnished, as we have said, ample justification for that flowage while the license continued; and doubtless the commencement of a suit for damages sustained by the flowage should be treated as a revocation of the license. The plaintiff was allowed to recover for all damages done to the land by the flowage after the commencement of the action. The jury also found what would be a full compensation for all the damage which might thereafter be occasioned by the use of the mill dam, and for the right to maintain the same to the same height it then was. On the whole record we can see no error which should cause a reversal of the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.