. JOSIAH DEYO

v.

EDWIN FERRIS.

*Statute of Frauds—Contract to flow Water through Drain across Another's Land—Action to Recover Consideration—Evidence.*

1. An action does not lie to recover the consideration of a contract which is invalid under the Statute of Frauds. Such contract does not bind either party, and can neither be made a ground of action nor defense.

2. A parol contract for a right to flow water through a drain across the lands of another is void, such right being an interest in lands within the Statute of Frauds.

[Opinion filed December 11, 1886.]

Deyo v. Ferris.

APPEAL from the Circuit Court of Stark County; the Hon. T. M. SHAW, Judge, presiding.

Mr. MILES A. FULLER, for appellant.

The right to flow water upon the land of another is an interest in land and can only be given by deed. . Woodward v· Seely, 11 Ill. 157; Albertson v. Ashton, 102 Ill. 50, 57 ; Tanner v. Volentine, 75 Ill. 624.

A right to flow lands must be in writing. French v. Owen, 2 Wis. 250 ; Clute v. Carr, 20 Wis. 531.

Verbal contracts in relation to lands are not considered absolutely void, but will be considered obligatory until some act is done by one of the parties in derogation of them, and if relied upon in legal proceedings, will be held valid unless their validity is put in issue by plea.   Wheeler v. Frankinthal, 78 Ill. 124 ; Collins v. Thayer, 74 Ill. 138.

Yet, for all purposes of their enforcement, they are practically void, since no action can be brought to enforce them. Rev. Stat., Chap 52, Sec. 2.   Neither can they be made the basis of a defense any more than of a demand.   Wheeler v. Frankinthal, 78 Ill. 124.

The plaintiff has no right to recover because the contract is void at the election of either party, and the defendant having chosen to repudiate it, no action can be founded upon it.

Mr. JOHN E. DECKER, for appellee.

A promise to pay for improvements on land is only a promise to pay for work and labor and not for an interest in land, and therefore need not be in writing.   Frear v. Hordenburg, 5 Johns. 272 ; Benedict v. Beebee, 11 Johns. 145 ; Lower v. Winters, 7 Cow. 263 ; Bannon v. Morton, 3 Iowa, 228 ; Sutton v. Sears, 10 Ind. 223 ; Boze v. Davis, 14 Tex. 331.

A parol contract, which the statute requires to be in writing, is as good as any when performed, or while being performed, or when partly performed, so far as the performance goes.   Swanzy v. Moore, 22 Ill. 65.

When a contract originally within the statute has been executed, and nothing remains to be done but the payment of

the consideration, this may be recovered. Bracket v. Evans, 1 Cush. 79; Preble v. Baldwin, 6 Cush. 549; Linscott v. McIntyre, 55 Me. 201; Thayer v. Viles, 23 Vt. 494; Thomas v. Dickinson, 14 Barb. 90; Gillespie v. Battle, 55 Ala. 276; Moore v. Ross, 11 N. H. 655.

LACEY, J. The parties to this suit both reside in Stark County, the appellee owning land adjoining appellant's on the south. The east line of the land of each is the county line between Marshall and Stark counties, and there is a public road on this line running north and south. The appellee had a large open ditch running down across his land emptying into a creek, the upper end of the ditch coming to within twenty or twenty-five feet of appellant's land, the latter's land north of appellee's being wet, and the natural flowage of the water being from appellant's land over that of the appellee in the direction of the ditch. Suit was commenced by the appellee against the appellant to recover on a contract between them concerning the opening and extending the ditch from the former's land to that of the latter, on a claim of $75.

From the Justice an appeal was taken to the Circuit Court, and there the case was again tried by the court without a jury, the jury being waived, resulting in a finding and judgment for appellee. From this judgment this appeal is prosecuted.

The contention of appellee is that in consideration of the sum of $75 he, by verbal contract, agreed to dig and extend the ditch above mentioned on to the land of the appellant for that sum, to be paid by the appellant, and that in pursuance of such agreement he had executed the work, and therefore has a right to recover. On the other side, appellant claims that the contract was that the consideration for opening the ditch to his land was a perpetual outlet for water from his land through the appellee's ditch, but that he was not to pay the $75 till he used it by putting his tile in on his own land emptying into the ditch, and that he had not when the suit was brought, or since, put any tiling in which emptied into the ditch.

Deyo v. Ferris.

There was evidence tending to show each theory of the case, not necessary here to recite. It appeared in evidence that the time occupied in digging the twenty or thirty feet of ditch occupied about one day's time for one man.

The appellant insists that the finding of the court below was contrary to the weight of the evidence.

First, in this: if the evidence shows, and looking at the worst side of the case for him it can show no more than that the consideration of the contract was that the appellant's water from his land was to flow through appellee's ditch to the creek, then the contract was obnoxious to the Statute of Frauds, because it was an agreement to acquire an interest in land for a longer term than one year; and that the contract was not in writing. This being an appeal from a Justice of the Peace, and of course no written pleadings being required, the appellant could insist on the Statute of Frauds on the hearing, which it will have to be considered he has done. We will consider what matter of fact the court would be justified in finding from the evidence. Would the court be justified in finding that the contract was as claimed by the appellee, that the consideration of $75 was simply for doing the work of digging this small portion of the ditch only requiring one day's work by one man?

It would seem quite unreasonable that appellant would give or appellee ask $75 for so small a consideration.

We think that the court would be justified in finding from the evidence that the real substance of the agreement and what the parties had in contemplation was that the appellant should have a perpetual right to drain, by means of his tiling in his own land, the water therefrom into the ditch of appellee and that it should have the perpetual right to flowage through such ditch on appellee's land, and this including the completion of the drain by appellee. Beyond this the evidence would not justify the court in going. We think the finding might be reasonably against appellant on his claim that he was not to pay for the work till he put in his own tile.

If, then, the court found the contract as we suppose the evidence only justified, it would be a parol contract for interest

in land for a longer term than one year, and obnoxious to the Statute of Frauds. Revised Statutes, Chap. 59, Sec. 2. The right to flow water over the land of another or to keep open a drain for drainage purposes is certainly an interest in land under the Statute of Frauds. Woodward v. Seely, 11 Ill. 157.

While an easement in some cases may be removed and relinquished by a parol agreement and thus restore each party to his original and natural condition, an easement can not be thus created. Albertson v. Ashton, 102 Ill. 50, 57; Tanner v. Volentine, 75 Ill. 624; Woodward v. Seely, 11 Ill. 157.

In Freyer v. Warne, 29 Wis. 516, the question presented was similar to this. Freyer owned land on which was a pond which overflowed across the land of Warne. Warne and his grantor gave parol permission to Freyer to ditch across and drain over his land, which he did for seventeen years. Warne finally threatened to close up the ditch and Freyer enjoined him. It was held that this case was a mere parol license that might be revoked at any time. See French v. Owen, 2 Wis. 250; Clute v. Carr, 20 Wis. 531. Where the contract is within the Statute of Frauds it can neither be made the ground for action nor defense. Wheeler v. Frankinthal, 78 Ill. 124. For all practical purposes it is void.

"A contract void under the Statute of Frauds is a mere nullity and can not be used for any purpose." Scott v. Bush, 26 Mich. 421. We regard the new easement sought to be obtained by this contract as a different one from the one appellant had by nature for the natural flowage of his water across appellee's land. The natural one was the only one he could claim; but it was entirely inadequate to drain his land so as to render it as dry as he desired or as it should be for successful cultivation. Appellant's original easement was the only one he could insist on being maintained. The appellee might fill up the ditch at any time with impunity and remit the appellant to his original rights. Suppose the appellee had filled up this ditch before this suit was brought, then could he have demanded payment of appellant? The hardship of the case would then appear in the most glaring light. Yet

this is exactly what he may do so soon as he gets payment or in fact at any time. If the appellant pay this demand he would not secure the right to the perpetual use of the ditch.

If the contract is void as to appellee, so it is void as to appellant as all contracts must have mutuality. They must be binding on each party or on none. Appellant may annul it at any time and refuse payment as well as appellee may fill up the ditch. Then we see that the contract, which the court alone was justified in finding from the evidence existed, was void under the Statute of Frauds and could not be enforced on either side. The court was not justified from the evidence in finding for the appellee to the extent of $75, but the contract having been repudiated the most the court could find for appellee would be the small amount that the labor in opening up this ditch to and on appellant's land, by his request, was reasonably worth.

Because the finding of the court below was contrary to the evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*