JOSIAH DEYO

v.

'EDWIN FERRIS.

*Statute of Frauds.—Right to Flow Water through Drain.*

A parol agreement for a right to flow water through a ditch on another's land is void, such right being an interest in lands within the Statute of Frauds.

[Opinion filed December 9, 1887.]

Deyo v. Ferris.

Appeal from the Circuit Court of Stark County; the Hon.
S. S. Page, Judge, presiding.

Mr. Miles A. Fuller, for appellant.

Messrs. J. C. Decker and C. C. Wilson, for appellee.

Lacey, J.    This is the same case that was in this court and
decided at its May term, 1886, (22 Ill. App. 154,) when this
court held that the contract upon which the suit was brought
was void under the Statute of Frauds and the cause was re-
manded to the court below.

That decision is referred to for a complete statement of the
facts.    At the March term, 1887, of the Circuit Court, the
case was again tried and a judgment was again entered against
appellant for $75, the full amount of the original claim.
From that judgment an appeal is again taken.    The basis of
the appellee's claim is this:    The appellee and appellant are
the owners of adjoining lands across which runs a wide swale
unfit for cultivation without drainage; the appellee's is the
lower heritance, and he had a ditch already completed across
his land up to within about two rods of appellant's land.    In
the fall of 1882 the parties to this suit agreed between them
that appellee should extend the ditch into appellant's land and
the latter should pay him $75.    This contract was not reduced
to writing.

We held when the case was here before, upon the evidence,
that the subject of the contract was that in addition to the
expense of extending the ditch about two rods onto appellant's
land, the expense of which was trifling, it was in the contem-
plation of the parties that appellant should have the right of
way for the flowage of the water from his land through the
ditch of appellee on his land, and that this right was a part of
the consideration of the contract.    After a careful examination
of the case and the law we held that a parol agreement con-
cerning the right of way for flowage of water through a ditch
on another's land is within the Statute of Frauds and void.

Hence it followed that the contract as a contract was void.

We also intimated that there was a possible right of recovery on the part of appellee on the *quantum meruit* for the work and labor done by appellee at appellant's request, in digging the small portion of the ditch to and on the appellant's land.

We find the record of the evidence much the same as it was when the case was here before. Its main features are not changed. It is now insisted that appellee had left the two rods at the upper end of his ditch unexcavated for the purposes of a farm crossing, and that the $75 was given him in part to compensate him for the expense of bridging the ditch. But this excuse can not avail for the reason that the bridge in itself was of no benefit to appellant, and he naturally would not want to pay $75 for such expense unless he got the right of way, and the bridge has not yet been built. Appellee himself testifies that the proposition made by him to appellant was "to cut and extend the ditch through onto your land and make a good outlet for your tiling."

This proposition appellant accepted and the twenty or twenty-five feet on appellee's land and ten to fifteen feet "onto appellant's" land was dug. The proposition presupposed the right of way over appellee's land for drainage for appellant's tiling, otherwise how could there be "a good outlet" for the latter's tile?

It is evident the verdict for $75 can not be sustained.

This ought to have been manifest from the decision of this court when the case was here before.

For the error in not setting aside the verdict and granting a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*