# Ferdinand Ribordy
## v.
## Alexis Pellachoud.

*Waters—Drainage over Another's Lands—Ditch—Instructions—Pre-scription.*

1.  In an action to recover damages for closing a ditch and thereby flooding the plaintiff's land, it is *held:* That an instruction touching the plaintiff's right to drain his land into a natural channel or depression was defective in not stating the hypothesis that, in order to justify the plaintiff in throwing water upon the defendant's land, there must be a natural channel, depression or outlet thereon; and that an instruction touching the question of prescription, was erroneous.

2.  One can not acquire a prescriptive right to flow another's land by the acquiescence of the latter for " several years."

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Livingston County; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. McILDUFF & TORRANCE, for appellant.

Messrs. STRAWN & PATTON, for appellee.

C. B. SMITH, J.　This is an action brought by appellee against appellant in case, charging him with stopping up a ditch and thus throwing water back on his land and destroying his crops. It appears from the evidence that appellee owned forty acres of land lying directly west and adjacent to forty acres owned by appellant on the east. There was some wet land on appellee's lot, and particularly near his west line was a low depression, much like a pond, which held more or less water. It was all open prairie land and there seems to have been very slight fall for this water in any direction, and there was a dispute on the trial as to which way this pond would naturally drain. In 1869 appellant plowed two furrows

upon his land to within ten or fifteen rods of the east line of appellee's land and run thence in a southerly direction to a low depression on his own land. The appellee also made a ditch across a part of his land to meet the ditch, or furrows, made on appellant's land. Afterward appellant closed up the ditch on his line, or at least that is the claim made by appellee, and obstructed the flow of the water, which resulted in throwing it back on plaintiff's premises and injuring his crops. The defendant pleaded the general issue and a trial was had resulting in a verdict for the plaintiff for $10. The court overruled a motion for a new trial and appellant brings the case here on appeal. The bill of exceptions contains over 300 pages of evidence. Neither the importance of the questions nor the amount involved would seem to justify us in an elaborate review of the questions presented and we shall content ourselves with briefly disposing of them.

We should not disturb the verdict because of any supposed conflict between it and the evidence, but we regret to be compelled to reverse the judgment because of erroneous instructions. Whether there was a natural channel or outlet for water, or even a mere depression of land over appellant's land, was a disputed fact. The first instruction given for plaintiff properly declared that he might drain his lands for agricultural purposes into natural channels or depressions, but did not hypothetically submit in the same instruction that, in order to justify throwing it on appellant's land, there must be a natural channel, depression or outlet over his land through which it might pass. The instruction was bad in that respect and needed that modification, under the authority of Peck v. Harrington, 109 Ill. 611, and again reiterated in Totel v. Bonnefoy, 123 Ill. 653. And such seems to be required by Sec. 4, Farm Drainage Act of 1887.

We do not think the objections to the second, third, fifth and sixth instructions given for appellee are well taken. But the seventh instruction given for appellee was clearly wrong. It told the jury that if appellant had dug a ditch on his own land and acquiesced in appellee's use of it for "several years" then he would have no right to fill it up, and if he did

to the damage of appellee, then he would be liable. The effect of this instruction was to tell the jury that appellee might obtain a prescriptive right to flow his water over appellant's land in less than twenty years. This is not the law. Deyo v. Ferris, 22 Ill. App. 154, and cases there cited. See also Totel v. Bonnefoy, *supra.*

For these errors the judgment is reversed and cause remanded.

*Reversed and remanded.*