NATHANIEL SIMPSON *vs.* JOHN ATKINSON, impleaded, etc.

September 17, 1888.

Vendor and Purchaser—Specific Performance.—For more than one
year the plaintiff, who had made a contract for the purchase of real estate,
neglected to consummate the bargain. On two separate occasions within
that period he expressly refused to perform his part of the agreement.
There was no reason for such neglect and refusal, and none offered, ex-
cept that there was a defect in the title, and this was, concededly, wholly
unsubstantial. *Held*, that specific performance must be denied. The
rules of equity in such cases, as laid down in *McDermid* v. *McGregor*, 21
Minn. 111, applied to this case.

Appeal by plaintiff from an order of the district court for Ramsey
county, *Simons*, J., presiding, refusing a new trial, the action having
been tried by I. V. D. Heard, Esq., as referee, and judgment ordered
for defendant.

*H. V. Rutherford*, for appellant.

*Merrill & Willett*, for respondent.

COLLINS, J. Action to compel the specific performance of a con-
tract to convey real estate. The trial was to a referee, who, upon
his findings of fact, ordered judgment for defendant. In his conclu-
sions of law the referee was right, and the order refusing a new trial
must be affirmed.

Passing any consideration of several points made by the respond-
ent, we are of the opinion that the plaintiff on more than one occa-
sion waived and abandoned his right to have the contract enforced
and its performance decreed. It was made in February, 1884. Soon
after defendant furnished for examination the customary abstract of
title, to which plaintiff's attorney made three separate objections.
One of these was without foundation; the remainder were promptly
obviated by quitclaim deeds procured by defendant, of which plaintiff
was informed. Subsequently, in May, a deed sufficient in form, and
which would have conveyed a perfect title of the land to plaintiff, was
tendered to him, which he peremptorily refused, upon the ground,
solely, of the alleged defect. Again, in April, 1885, his attorney, in

conversation with defendant's agent, (with whom the entire transaction was had,) stated positively that his client, the defendant, would not buy the land with the defect said by him to be in the title. For several months thereafter plaintiff made no effort to close the bargain, and when defendant's agent returned, by means of a check inclosed in a letter, the sum of $100, which had been paid him by plaintiff, the latter kept the check for several weeks, without sufficient excuse, before returning it and signifying his intention to insist upon his purchase. On August 13, 1885, he demanded a deed from defendant, offering upon his part to comply with the terms of the contract for the sale of the land, which had in the mean time greatly increased in value, being worth when this action was commenced (soon after said demand) the sum of $2,500, and at the time of the trial, in October, $3,500.

The granting of the specific performance of a contract like that in question here is not a matter of right, but of sound and reasonable discretion, to be exercised according to the circumstances of the particular case. Unless he who seeks the aid of equity in enforcing a contract for the conveyance of land shall have been prompt, ready, and eager to perform upon his part, has exercised good faith and been diligent, he forfeits all claim, and the relief demanded should be denied him. *McDermid* v. *McGregor*, 21 Minn. 111. The plaintiff, without reason, urging and insisting upon an objection without merit, delayed the consummation of the contract for more than one year, positively refusing upon two occasions within that period to accept a deed, or to perform upon his part. There was no reasonable excuse for his refusal, and he must be treated as having abandoned his contract, even if time was not of the essence. 2 Story, Eq. Jur. § 776.

Order affirmed.