[No. 1297. Decided October 24, 1894.]

S. J. BOWER, *Respondent*, v. H. B. BAGLEY AND K. M. BAGLEY, *Appellants.*

CONTRACT FOR SALE OF LAND — CONSTRUCTION — DIVISIBILITY —
SPECIFIC PERFORMANCE.

A contract for the sale of real estate for a stipulated sum in case payment be made within three years, which further provides that the vendor will give a deed at any time when demanded for parcels thereof in excess of twenty acres, provided payments have been made therefor at the rate of $40 per acre, is a divisible contract, and specific performance of a part only of such contract may be enforced by the purchaser, although he is in default under the conditions for the purchase of the entire tract. (HOYT and STILES, JJ., dissent.)

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* for appellants.

*A. W. Hastie,* and *W. P. McElwain,* for respondent.

The opinion of the court was delivered by

ANDERS, J.— On April 8, 1889, the appellants signed, sealed, acknowledged and delivered the following contract:

"Know all men by these presents, that H. B. Bagley and K. M. Bagley, his wife, of Seattle, W. T., are held and firmly bound unto D. B. Ward, of Seattle, W. T., in the sum of ten thousand dollars, lawful money of the United States, to be paid to the said D. B. Ward, his executors, administrators, or assigns, for which payment well and truly to be made they bind themselves, their heirs, executors, and administrators firmly by these presents. Signed by them and dated the eighth day of April, one thousand eight hundred and eighty-nine. The condition of the above obligation is such that if the above bounden obligors shall, on or before three years from the date of these presents, make, execute and deliver unto the said D. B. Ward, or unto such persons as he may direct (provided that the said D. B. Ward, or his representatives shall,

on or before three years from the date of these presents, have paid unto the said obligors the sum of five thousand five hundred dollars, with interest in the following manner, and upon the following terms, one thousand dollars cash in hand paid, the receipt whereof is hereby acknowledged, one thousand five hundred dollars on or before six months from date, one thousand five hundred dollars on or before eighteen months from date, and one thousand five hundred dollars on or before thirty months from date with interest on all deferred payments at the rate of ten per cent. per annum until paid, the price by the said D. B. Ward agreed to be paid.     And it is hereby agreed by and between the said obligors and the said D. B. Ward that whenever the said D. B. Ward or his representatives shall pay unto the said obligors a sum equal to forty dollars per acre, and shall demand it, he or they shall receive from the said obligors good and sufficient deeds of general warranty to any portion of the lands hereinafter described, provided said portion shall not be less than twenty acres in extent), good and sufficient deeds of general warranty to the whole of the following described piece or parcel of land, or to any portion or portions of the same of not less than twenty acres in extent, which said land is situate, lying, and being in the county of King, Territory of Washington, and bounded and particularly described as follows: Being the east one-half and the southwest one-fourth of the northeast one-fourth and the southeast one-fourth of the northwest one-fourth of section eight, in township twenty-six north, of range five east, then this obligation to be void, otherwise to remain in full force and virtue.''

The premises described in this instrument then consisted of wild, unimproved land; a portion thereof being covered with timber, and the balance being low or bottom land, with nothing but patches of brush upon it.   It will be observed that the land described in this bond amounts to 160 acres.   Six acres thereof, however, had been previously sold to other parties, and the appellants were therefore the owners of only 154 acres, but this deficiency was mutually adjusted by allowing the value of it, at $40 per acre, to be

credited as a payment made by the respondent, and there is therefore no controversy as to the number of acres of land agreed to be conveyed.

At the time of making the contract, Ward made the first payment of $1,000 as therein specified. But before the second payment became due, and on July 29, 1889, he, for a valuable consideration, sold and assigned his interest in the contract to the respondent. The latter made payments to the appellants as follows: On October 18, 1889, the sum of $1,204, to which was added $240 for the deficiency of the six acres conveyed to other parties; on December 19, 1889, the sum of $600; on April 8, 1890, the sum of $245.91, claimed by appellants as being the amount of interest to date; and on September 11, 1890, the further sum of $100, also claimed as interest. No other payments have ever been made. On October 18, 1889, for and in consideration of $1,600, the appellants conveyed to the respondent 40 acres of the land included in the contract, and on June 17, 1890, another deed was given by appellants to the respondent, conveying ten acres of land in addition to the land already conveyed, correcting an error in the previous conveyance, and deducting therefrom the six acres before conveyed to other persons, making the whole amount of land conveyed by the appellants to the respondent 44 acres. The respondent built a house upon and cleared about ten acres of the land conveyed to him, but the balance remains in the same condition it was in at the time the agreement was executed. He also cut hay and pastured his cattle to some extent upon portions of the unconveyed land, but further than that he has done no acts tending to show possession of it or control over it. It will be seen that $3,149.91 has been paid upon the contract, and, as we have before said, 44 acres of land only have been conveyed by the appellants. The respondent claimed that by the terms of the agreement, and on account of pay-

ments made, he was entitled to a conveyance of 40¼ acres more of said land, and accordingly, on the 19th and 20th of September, 1892, made a written demand therefor of the appellants, with which they refused to comply. Thereafter, and upon October 3, 1892, the respondent instituted this action to compel the appellants to convey to him, in accordance with the terms of their bond, a certain 40 acres of land, being a part of the land described therein.

The complaint alleges the making of the contract, its assignment to the respondent, the payment thereon to the appellants of $3,389.91, and demands for deeds and refusal of appellants to convey in accordance therewith. The answer admits the making of the contract, the payment of $3,149.91, and failure to convey the land claimed by the respondent and described in the complaint. As an affirmative defense, it is alleged in the answer, among other things, that the sums of money paid to the appellants, amounting to $3,149.91, were paid upon said bond without specific direction as to the application thereof, and were applied by appellants in payment of accrued interest upon the bond according to its terms, and whatever amount remained in excess of interest was applied in part payment of the principal of the bond; that, the interest having been deducted, there was a balance of $2,300 to be applied upon the bond; that appellants conveyed to the respondent forty-four acres of land, which, at the price of $40 per acre, amounted to the sum of $1,760, which, being deducted from said sum of $2,300, left a balance of $540 to be applied generally upon said bond towards payment of accruing interest, and for further conveyances; that said sum of $540 is insufficient to pay for twenty acres of land at the agreed price of $40 per acre, the least amount agreed in said bond to be conveyed; that the respondent had failed to keep and perform the terms and conditions of said bond or agreement by him to be kept and performed, and has been guilty of

great laches, and that by reason thereof the respondent has forfeited all interest, claim and right accruing to him under and by virtue of said bond; that notwithstanding the failure of the respondent to keep and perform the terms and conditions of said bond, and the entire lapse of time within which said agreement was to be carried out, the appellants are ready and willing to convey to the respondent the whole of the remainder of the land described in said complaint, and agreed to be conveyed, upon payment by the respondent of the amount now due and owing to the appellants upon said bond, which sum, after deducting the said $540, is $2,600. The answer then prayed for judgment dismissing the action, or that the respondent be required to pay the sum of $2,600 due on the bond, and, in case of failure to pay the said sum, that the said bond be canceled and destroyed of record, and declared null and void. The reply of the respondent (plaintiff) denies each and every allegation in the affirmative matter set up in the answer, except the payment to the appellants of the sum of $3,149.91, and other payments, and that the appellants had conveyed to the respondent forty-four acres of land at the price of $40 per acre. The cause went to trial upon the issues thus raised, and after the plaintiff rested the defendants moved for a non-suit, which motion was denied. After the close of the testimony the defendants interposed a motion to dismiss, which motion was likewise denied. Thereafter a decree was entered that the agreement set forth in the complaint be specifically performed, and that the defendants execute, acknowledge and deliver to the plaintiff a good and sufficient conveyance in fee, free from all incumbrances, with full covenants, of certain lands therein described, amounting in all to 30¾ acres, and that plaintiff recover his costs. To reverse this judgment and decree the defendants prosecute this appeal.

The appellants allege that by the terms of the bond

above set forth the respondent is precluded from maintaining this action, and that the construction of the instrument by the court was therefore erroneous, and that was the principal question here discussed. It is the contention of the appellants that the agreement upon which this action is founded is an entire and indivisible contract; that the whole of the land described therein was to be bought by the purchaser, Ward, and the whole of the same land was to be sold by the appellants under this contract; and that the provision allowing a conveyance of twenty acres of land upon the payment therefor did not contemplate a part performance of the contract only, but was merely a privilege granted the purchaser to obtain a deed for each twenty acres when the money was paid for the same. But, conceding all of this to be true, it does not necessarily follow for that reason alone that the decree of the court is erroneous. Nor does it follow, as urged by the learned counsel for appellants, that, if the respondent is entitled to the conveyance of the land decreed by the court, then the contract must be deemed completed. While the contract clearly contemplates the sale and purchase of the whole tract of land therein described, and in that respect is entire, it distinctly provides that the purchaser may pay the sum of $5,500 and interest within the time and in the manner designated, and receive a conveyance of the whole thereof at the end of three years, or pay for the same at the higher rate of $40 per acre, and receive deeds for any portion or portions thereof, in tracts of not less than twenty acres, whenever demanded. When the appellants deeded to the respondent forty-four acres of land, they evidently did it in recognition of his rights under their contract. No claim was made at the time either of the two deeds above mentioned were made that the respondent was not clearly entitled to the conveyances under the second condition of the agreement. Nor could such claim have been made with-

out disregarding the plain and unambiguous provisions of the contract. The respondent, at the time he made his first payment of $1,204, elected, as he had a right to do, to pay $40 an acre for the land, and then demanded a deed for the amount of land paid for at that rate per acre, in tracts of not less than twenty acres. The right to make such a demand was not then or at any other time afterwards, until about the time of the commencement of this action, questioned by the appellants. In fact it was practically conceded in the argument in this court that the respondent had a right to take the whole of the land in parcels selected and paid for at different times.

It appears that the only reason given by the appellants for not conveying, at the time the deed of forty acres was made, land for the full amount then paid ($2,204), was that the first payment of $1,000 made by Ward was to be retained as a forfeit in case the contract should not be fully performed, and they still maintain that such was the fact. There is no such provision, however, in the contract, and to incorporate such a condition into it now would be to change its terms. And, even if such a clause had been expressly inserted therein, it was waived by accepting payments after the time fixed in the contract, and especially by applying a portion of it as a part of the consideration of $1,600 mentioned in the first deed.

All parties have heretofore acted under the second condition of the agreement, and we think the respondent ought still to be permitted to avail himself of it in this action, unless he has forfeited his rights under the contract. He has paid, and the appellants have received, sufficient money to entitle him to the conveyance decreed by the court. But appellants insist that he is not entitled to the relief granted, by reason of delay and failure to perform, or offer to perform, his part of the contract. We think the rule is well settled that where a party seeks the specific

performance of a contract he must first show, either that he has performed, or is willing and has offered to perform, all of the terms of his contract on his part to be then performed, and that he is ready and willing to do all things on his part thereafter to be performed. Fry, Spec. Perf. (3d ed.), § 903, and notes. But where a contract itself provides that it may be performed in separate parts, or by piecemeal, it is to that extent treated as divisible, and, in an action to enforce the performance of one part, it is no answer to show that it has not been performed as to other parts. *Id.*, §§ 809, 846. Tested by this rule, we think the respondent must be held to have offered, and to have been willing, to perform the particular part of the contract now under consideration. As to the performance of any other portion thereof, nothing need now be said.

Nor do we think that the respondent should not succeed in this action on the ground of laches. Payments were made from time to time by the respondent, and the appellants accepted payments before as well as after they were due, under the first condition or provision of the contract. Delay or laches, under the facts in this case, can therefore only relate to the question of demands for deeds. And there is evidence from which it might well be concluded that there was much less delay in demanding conveyances than is claimed by the appellants. While, as we have seen, no written demands for deeds were served on appellants until September, 1892, there is, nevertheless, testimony tending to show that an oral request was made and refused as early as September, 1890, at which time a payment was received by the appellants. And if that be true, under our construction of the agreement, the appellants have themselves been in default, in not conveying the amount of land paid for, and therefore have no reason to complain of mere laches on the part of the respondent. *Mudgett v. Clay*, 5 Wash. 110 (31 Pac. 424). In this instance, time

is not made the essence of the contract, by its terms. There has been no rescission, and the contract has already been partly performed; and we see no evidence that the respondent has refused further performance, save what may be implied, if anything can be implied, from his failure to offer to pay for the whole tract of land.   In such cases, equity will usually award a specific performance, notwithstanding the general rule that he who seeks the aid of equity in enforcing a contract for the conveyance of land must show that he has been prompt, ready and eager to perform the contract on his part.   2 Warv. Vend., p. 758. Whether the performance of a contract will be specifically enforced by the court depends upon the circumstances of the particular case.   And the granting or refusing of the remedy has been said to be a matter resting in the sound and legal discretion of the court.  *Simpson v. Atkinson*, 39 Minn. 238, (39 N.W. 323).   If time is not the essence of the contract, and the party applying to the court has acted in good faith, and his cause is meritorious and equitable, he will obtain the relief demanded, even although the time for the performance has elapsed.   Bish. Cont., § 1347.   See, also, 1 Story, Eq. Jur. (10th ed.), § 776; *Leaird v. Smith*, 44 N. Y. 618.   We perceive no evidence in this case of bad faith on the part of the respondent, nor are we convinced that the appellants have suffered any damage solely by the delay of the respondent.   In our opinion it would not be equitable, under the circumstances, to compel the respondent at this time to either pay for all of the land not heretofore conveyed, or submit to a forfeiture of the amount already paid, and also to a cancellation of the contract, as prayed for by the appellants.   Upon the whole evidence in the record, we are of the opinion that the respondent is equitably entitled to the relief granted by the court below, and the judgment is, therefore, affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

Hoyt, J. (*dissenting*).—Did the instrument set out in the foregoing opinion constitute a single contract for the sale of the entire tract of land therein described, or did it include as many distinct contracts for the sale of separate parts of the entire tract as the purchaser saw fit to divide it into — each of not less than 20 acres? If the latter, the conclusions drawn therefrom by the majority of the court, as to the rights of the parties, can be sustained, for it would appear from the record that, as to a portion of these separate contracts, there had been a full performance by the purchaser and his assignee of the conditions on their part; and this being so they were, under the familiar rule of equity applicable to contracts for the purchase and sale of real estate, entitled to have specific performance decreed against the seller. If it constituted but a single contract for the sale and purchase of the entire tract, then the conclusions of the majority of the court seem to me to be unwarranted, for the reason that it clearly appears from the record that at the time when this suit was commenced the purchaser and his assignee were, and had for a long time been, in default as to many of the conditions of the contract on their part to be performed. In fact, it is not contended by counsel for respondent that he and his assignor were not in default as to the payment of large sums of money due under the terms of the contract. This being so, the respondent was not entitled to any relief, for the reason that he had not complied with a rule of equity of such universal application that it has become a maxim, to the effect that one who seeks equity must do equity. Not only is this rule one of general application to all suits in equity, but has, by the universal practice of such courts, become of special application in suits for the specific performance of contracts for the sale of real estate. The language of the courts in reference to such contracts is that one who seeks a specific performance must show that he

has performed all the conditions on his part, or that he is ready, willing and eager to perform them. In view of these principles it is difficult to conceive upon what theory it could be held that the respondent was in a condition to ask relief of a court of equity, if this instrument constituted but a single contract for the purchase and sale of the entire tract. If, however, it included separate, entire contracts for the purchase of the smaller tracts, which the purchaser was entitled to have conveyed to him upon certain conditions therein named, it will follow that the relief was properly granted. The important question, therefore, is as to the construction of this instrument. To my mind there is but one construction possible, and that is that the parties thereby intended, the one to sell and the other to purchase the entire tract, and that the clause therein providing for the conveyance of portions thereof upon certain conditions, before the expiration of the time in which all of the purchase price was to be paid, was inserted to aid the purchaser, if he desired to sell a portion of the tract before he had acquired title to the whole under the terms of the instrument. There is nothing in such conditions which seems to in any manner negative the positive promise on the one hand to sell the entire tract, and on the other hand to buy it, and to hold that its insertion so changed such positive provisions that a portion only of the tract should be considered within all the terms of the contract would be to do violence to the language, construed in accordance with its usual significance. I think the contract was an entire one, that the respondent was in default as to some of the conditions on his part to be performed, and that for that reason he was not entitled to the relief granted.

STILES, J., concurs with HOYT, J.