THOEMKE, Appellant, vs. FIEDLER and another, Respondents.

*October 25 — November 8, 1895.*

*Easements: Parol license to maintain ditch: Adverse user: Specific performance: Laches.*

1. A parol agreement by which one landowner was to have the right to make and maintain a ditch across the land of another for the purpose of draining his own land, created no easement but gave him a license only, which was revocable, even though a valuable

consideration was paid for it or expenditures had been made on the faith of it.

2. Use of the ditch under such license was not adverse and could not ripen into an easement by prescription.

3. Specific performance of such oral agreement could not be enforced, in the absence of evidence showing whether the privilege given was intended to be perpetual or limited in duration.

4. A delay of sixteen years after revocation of the license before bringing an action for specific performance, is such laches as would defeat a recovery.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

The plaintiff is the owner of the E. ½ of the N. W. ¼ of section No. 32 in township No. 7 N., of range No. 17 E. In 1855 these premises were owned by one Johan Falkheimer, who conveyed them to the plaintiff in 1874. The defendant *Fred C. Fiedler* is the owner of the S. W. ¼ of the said N. W. ¼. In 1855 these premises were owned by the defendant *Michael Fiedler*, who conveyed them to the defendant *Fred C. Fiedler* in 1893. One Caspar Shelhorn owned the W. ½ of the S. W. ¼ of said section. In the year 1855 the persons owning the said several tracts of land desired to construct a main ditch upon Shelhorn's land, through which all their lands could be drained. There was already a ditch upon *Michael Fiedler's* land, which needed only to be opened into the proposed new ditch on Shelhorn's land. There was a marsh or pond hole on Falkheimer's land, which could be connected with the ditch already on *Fiedler's* land by a lateral ditch. So it was agreed that Falkheimer should pay one fourth of the expense of making the ditch upon Shelhorn's land, and should have the right to make and maintain a ditch across *Fiedler's* land to drain his pond hole into *Fiedler's* ditch. This agreement was oral merely, and was never reduced to writing. But it was carried out by all the parties. Falkheimer paid one fourth of the expense of making the ditch on Shelhorn's land, and made his ditch across

Thoemke vs. Fiedler and another.

*Fiedler's* land. This ditch was kept open by Falkheimer and the plaintiff until the year 1878, when *Fiedler* closed it, against the protest of the plaintiff, and it has ever since remained closed.

This action is for a mandatory injunction requiring the defendants to reopen the ditch, and for damages. There was a finding and judgment for the defendants, from which the plaintiff appeals.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*. They contended, *inter alia*, that the agreement in question was not a license, but was an agreement for an easement, and was taken out of the statute of frauds by performance and possession for more than twenty years. *Hazelton v. Putnam*, 3 Pin. 120; *Cameron v. Austin*, 65 Wis. 652; *Weynard v. Lutz*, 29 S. W. Rep. 1097; *Wall v. M., St. P. & S. S. M. R. Co.* 86 Wis. 48, 57; *Brown v. Hoag*, 35 Minn. 375; *Steinke v. Bentley*, 6 Ind. App. 663; *McBroom v. Thompson*, 25 Oreg. 559; *Burns v. M. & M. R. Co.* 9 Wis. 450; *Columbus & E. R. Co. v. Williams*, 41 N. E. Rep. 261, and cases cited. The ditch when made under the agreement by plaintiff's grantor became appurtenant to the land and passed by the conveyance to plaintiff. *Loop v. Chamberlain*, 17 Wis. 504; *Dillman v. Hoffman*, 38 id. 559; *Galloway v. Bonesteel*, 65 id. 79; *Duncan v. Rodecker*, 90 id. 1. That the agreement made between the parties was that this easement should be a permanent one, there can be no question, judging from the acts of the parties and the construction of the ditches as made by them.

*Geo. W. Bird*, for the respondents, argued, among other things, that the parol agreement as to the lateral ditch was, under the statute of frauds, void and of no effect to convey any perpetual right to maintain said ditch, and was simply a parol license revocable by *Fiedler*, and was revoked by his closing said ditch in 1878. Sec. 2302, R. S.; *Hazelton v.*

*Putnam*, 3 Pin. 107; *French v. Owen*, 2 Wis. 250; *Chite v. Carr*, 20 id. 532; *Duinneen v. Rich*, 22 id. 550; *Fryer v. Warne*, 29 id. 511; *Lockhart v. Geir*, 54 id. 133; *Cronkhite v. Cronkhite*, 94 N. Y. 323; *Wiseman v. Lucksinger*, 84 id. 31; *Crosdale v. Lanigan*, 129 id. 604; *Lawrence v. Springer*, 49 N. J. Eq. 289. The doctrine announced by some courts that a parol license like that here in question becomes irrevocable by execution upon a consideration, does not prevail in Wisconsin. *French v. Owen*, 2 Wis. 250, and other Wisconsin cases cited above. Specific performance of an agreement will not be decreed, under any circumstances, unless all its terms and conditions are clear, definite, unambiguous, and satisfactorily established by competent proofs. Fry, Spec. Perf. (2d Am. ed.), §§ 203, 223; Story, Eq. Jur. § 767; *Blanchard v. McDougal*, 6 Wis. 167; *Knoll v. Harvey*, 19 id. 99; *Tiernan v. Gibney*, 24 id. 190; *Schmeling v. Kriesel*, 45 id. 325; *Williams v. Williams*, 50 id. 311, 316; *Hadfield v. Skelton*, 69 id. 460; *Hibbert v. McKinnon*, 79 id. 673; *Cronkhite v. Cronkhite*, 94 N. Y. 323. Unreasonable delay and mere lapse of time, independently of any statute of limitations, constitute a defense in a court of equity; and plaintiff's neglect to sue for sixteen years bars the action. Pomeroy, Spec. Perf. §§ 407, 408; Fry, Spec. Perf. (3d Am. ed.), §§ 1072, 1078, 1079; 1 Beach, Mod. Eq. Jur. §§ 18, 19; *Sheldon v. Rockwell*, 9 Wis. 166; *Crosby v. Smith*, 19 id. 450; *Andrews v. Farmers' L. & T. Co.* 22 id. 288; *Blanchard v. Doering*, 23 id. 200, 205; *Cobb v. Smith*, id. 266; *Sable v. Maloney*, 48 id. 331; *Fisher v. Vaughn*, 75 id. 609; *Combs v. Scott*, 76 id. 662; *Kelley v. G. B., W. & St. P. R. Co.* 80 id. 335; *Rogers v. Van Nortwick*, 87 id. 414; *Thomas v. Thomas*, 88 id. 97.

N<small>ewman</small>, J. The oral agreement under which the ditch across the defendants' land was made did not create an easement in the land. An easement is a permanent interest in

the lands of another, with a right to enjoy it fully and without obstruction. Such an interest cannot be created by parol. It can be created only by a deed in writing, or by prescription. But this agreement did have the effect of a parol license. A license creates no estate in lands. It is a bare authority to do a certain act or series of acts upon the lands of another. It is a personal right, and is not assignable. It is gone if the owner of the land who gives the license transfers his title to another, or if either party die. So long as a parol license remains executory it may be revoked at pleasure. So an *executed* parol license, under which some estate or interest in the land would pass, is revocable. . Otherwise title would pass without a written conveyance,. "in the teeth of the statute of frauds." Nor is such a license made irrevocable by the fact that a valuable consideration is paid for it, or because expenditures have been made on the faith of it. None of these propositions are doubtful, upon the . authorities. Washb. Easem. (4th ed.), 28, 431, par. 14; 6 Am. & Eng. Ency. of Law, 141, and cases cited in note 3; *Hazelton v. Putnam*, 3 Pin. 107; *French v. Owen*, 2 Wis. 250; *Clute v. Carr*, 20 Wis. 531; *Lockhart v. Geir*, 54 Wis. 133; *Johnson v. Skillman*, 29 Minn. 95; *Olson v. St. P., M. & M. R. Co.* 38 Minn. 479; *Minneapolis Mill Co. v. M. & St. L. R. Co.* 51 Minn. 304; *Woodward v. Seely*, 11 Ill. 157; *Wiseman v. Lucksinger*, 84 N. Y. 31; *Cronkhite v. Cronkhite*, 94 N. Y. 323; *Eckerson v. Crippen*, 110 N. Y. 585; *White v. Manhattan R. Co.* 139 N. Y. 19.

Nor could the use of the ditch ripen into an easement by prescription, by adverse use, so long as the use exists and is exercised under the license. For in that case it is permissive and not adverse. *Cronkhite v. Cronkhite*, 94 N. Y. 323; *Wiseman v. Lucksinger*, 84 N. Y. 31. The use can become adverse only after revocation. *Eckerson v. Crippen*, 110 N. Y. 585.

Nor can the parol agreement be enforced in equity by

way of specific performance. The terms of the contract between Falkheimer and *Fiedler* respecting the ditch are unknown, except that Falkheimer was to have the privilege of draining his lands through such ditch across *Fiedler's* lands. The case is entirely bare of evidence showing whether such privilege was intended to be perpetual or limited in duration. It is well settled that a court of equity will not enforce specific performance of a parol agreement to convey lands, or an interest in lands, when any of the essential terms of the agreement are left in doubt. *Hazelton v. Putnam*, 3 Pin. 107; *Knoll v. Harvey*, 19 Wis. 99; *Combs v. Scott*, 76 Wis. 662; *Schmeling v. Kriesel*, 45 Wis. 325; *Eckel v. Bostwick*, 88 Wis. 493. Nor unless the party entitled moves promptly. The license was revoked in 1878. During all the time since the plaintiff has delayed bringing his action to enforce specific performance. It is well settled that laches or unreasonable delay in bringing suit will defeat an action for specific performance of a contract. *Combs v. Scott*, 76 Wis. 662, and cases cited on page 668; *Rogers v. Van Nortwick*, 87 Wis. 414. Where one party gives notice to the other that he will not perform it, acquiescence in this by the other party (not being in possession), by a comparatively brief delay in enforcing his right by an appeal to the courts, will be a bar. *McDermid v. McGregor*, 21 Minn. 111; *Simpson v. Atkinson*, 39 Minn. 238; *Eastman v. Plumer*, 46 N. H. 464.

There is no ground upon which the plaintiff's action can be sustained.

*By the Court.*— The judgment of the county court of Waukesha county is affirmed.