## PRICE & BAKER CO. V. MADISON.

1. In a suit to restrain defendant from cutting timber claimed by plaintiff under a contract of sale executed by defendant's predecessor in title, in which defendant claimed to be the owner of the land on which the timber was located, and sought damages from plaintiff for the conversion of timber already taken by it, the contract of sale was admissible to show a license to plaintiff to enter on the land, though not sufficient to convey any interest in the land because not signed by the seller's wife, and not entitled to record because not acknowledged.

2. A license to enter on land and cut timber is revoked by a conveyance of the fee by the licensor.

3. Where a license to enter on land and cut timber was exercised by the licensee, and the timber severed from the freehold, a subsequent con-

veyance of the fee by the licensor could not deprive the licensee of his property in the cut timber.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Meade county; Hon. JOSEPH B. MOORE, Judge.

Action by the Price & Baker Company against James Madison. From a judgment for defendant, plaintiff appeals. Reversed.

*Edmund Smith* and *James W. Fowler*, for appellant.

A lease of lands, not interfering with the possession thereof for the use of a homestead and license to cut timber, quarry stone or remove minerals, may be given by the husband without the assent of the wife; Rush v. Sullivan 3 G. Green 344; Beatty v. Gregory, 17 Ia. 109; Anderson et al, v. Simpson et al, 21st Ia., 399; Harkness v. Burton, 39 Ia., 104.

*S. M. Howard*, for respondent.

A conveyance or incumbrance by the owner of a homestead, shall be of no validity, unless the husband and wife, if the owner is married and both husband and wife are residents of this state, concur in and sign the same joint instrument, or separate instruments of same import;" Comp. Laws, 1887, § 2451; Session Laws, 1891 chap. 77; Ellis v. Wait, 4 S. D. 461; Myrick v. Bill, 5 Dak. 167.

HANEY, P. J.  This action was instituted to restrain the defendant from interfering with the plaintiff in cutting and removing timber from a certain quarter section of land in Meade county, and to recover damages for timber taken therefrom by the defendant.  Defendant denied the plaintiff's right to the timber, and sought, by way of counterclaim, to recover for tim-

ber taken by the plaintiff. The court below, in effect, directed the jury to find in favor of the defendant for the value of all timber taken by the plaintiff after a certain date. Such a verdict having been returned, and judgment entered thereon, the plaintiff appealed from the judgment and from an order denying its motion for a new trial.

The substance of the pleading may be stated thus: Plaintiff alleges that on July 20, 1898, it purchased of one George Steward, who was then the owner and in possession of the land described in the complaint, all the standing timber thereon of certain dimensions, for which it paid $175, receiving from Steward a bill of sale, which was recorded July 26, 1898; that on October 22, 1898, it purchased all of the standing timber not included in the first purchase of Steward, who still owned and was in possession of the land, and who gave the plaintiff the right to remove the same, the second sale being evidenced by an instrument in writing, which was recorded September 18, 1898; that on September 30, 1898, the defendant purchased the land, with actual notice of the plaintiff's right to the timber thereon; that since such purchase the defendant has refused to allow the plaintiff to enter upon the premises for the purpose of removing its timber, and has converted to his own use a part of the timber which the plaintiff had severed from the land of the value of $500; that he threatens, and will if not restrained by the court, convert the remaining timber to his own use, to the plaintiff's irreparable injury; and that defendant is insolvent. Defendant denies all the allegations of the complaint; alleges that the land was occupied as a homestead, and that Steward's wife did not sign either of the bills of sale; and by way of counterclaim alleges the transfer of

the land by warranty deed from Steward and wife to defendant on September 30, 1898, and the wrongful and unlawful cutting and removal of timber by the plaintiff on and after December 15, 1899. Plaintiff denies all the averments of the counterclaim.

It was stipulated on the trial that the land described in the complaint, consisting of one quarter section, was, from a time prior to the first purchase of timber by the plaintiff until the purchase of the land by the defendant, the homestead of Steward and family, who occupied the same as such, the value of which was less than $5,000. Having introduced evidence tending to prove that the defendant had actual notice of the plaintiff's claim to the timber before he purchased the land, and that the consideration agreed upon for the timber was paid to Steward and his wife, the plaintiff offered in evidence the following written instruments, signed by Steward and the plaintiff:

"This agreement, made and entered into this 20th day of July, A. D. 1898, by and between George A. Steward of Meade county, South Dakota, party of the first part; and the Price & Baker Company, a corporation of South Dakota, doing business at Blackhawk, in Meade county, South Dakota, party of the second part, witnesseth: That for and in consideration of the sum of $175, lawful money of the United States, to be paid in the following manner, to-wit: $148.77 cash at the time of the execution of this agreement, and the balance of $26.23, four months after the date hereof, without interest, the receipt of said first $148.77 whereof is hereby acknowledged at the time of the execution of this agreement by the first party, said George A. Steward, party of the first part hereby sells, conveys, transfers and delivers to said second party, said Price & Baker Company, all the standing and growing timber of twelve

(12) inches and upwards, on the stump, which is situated and standing on the southeast quarter of section four (4), township two (2), north, of range six (6) east, B. H. M., in Meade county, South Dakota; and said second party shall and may have any and all reasonable and necessary time in which to remove the same from said lands; and said party may and shall cut and remove the same at its own proper cost and expense and in the manner and with the means by it deemed expedient and best, but without further compensation to the first party than herein expressly stipulated, and shall have right of way over and across said land or any part to remove said timber. And said first party herein expressly represents and warrants that said lands above mentioned are patented lands.''

"This agreement, made this 22nd day of October, 1898, by and between George A. Steward of Meade county, South Dakota, party of the first part, and the Price & Baker Company, a corporation, of South Dakota, doing business at Blackhawk in Meade county, South Dakota, party of the second part, witnesseth: For and in consideration of the sum of $35 to me in hand paid, the receipt whereof is hereby acknowledged, said George A. Steward, party of the first part, hereby sells, conveys, transfers and delivers to said second party, said Price & Baker Company, all the standing and growing timber of whatever nature, size and dimension not now conveyed by bill of sale dated 20th day of July, 1898, and recorded on the 26th day of July, 1898, in Reg. of Deeds office of Meade county, located on the S. E. quarter of section 4, T. 2, R. 6 E., B. H. M., S. D., and said second party to have all right of removal as specified for in article of agreement of July 20, 1898.''

To this offer the defendant objected on the grounds:  (1)

That the instruments are nullities, because not signed by Steward's wife; (2) that they do not provide for the removal of the timber within one year; and (3) are not acknowledged so as to be entitled to record. The objection was sustained, and the plaintiff excepted.

This ruling was, we think erroneous. While not sufficient, without the wife's signature, to convey any interest in the realty, it being a homestead, and not entitled to be recorded because not acknowledged, the instruments were, nevertheless, competent evidence to prove a license to enter upon the premises for the purpose of cutting and removing timber. A license, in the law of real property, is an authority to do an act or a series of acts upon the land of the person granting the license, without, however, conferring on the licensee any estate in the land. It does not create an easement, nor give rise to an interest in land, and hence it is not within the statute of frauds, and need not be in writing, although it may be in writing and under seal. The form of the authority, however, does not affect its nature, and a written license, even though under seal, has only the same effect as an oral license. 18 Am. & Eng. Ency. of Law, 1127 *et seq.* As no writing was required to clothe the plaintiff with authority to enter the premises for the purpose of cutting and removing timber, the absence of the wife's signature and certificates of acknowledgment did not deprive the instruments of their value as evidence of such authority, and they should have been received in evidence.

To what extent the husband can make leases and grant licenses affecting the homestead without the wife's consent is a question concerning which the authorities are conflicting, and one which need not be determined, as the testimony shows

that the wife in this case was present, and consented to the granting of the license.

The plaintiff offered to prove by witnesses present at the trial "that prior to the 30th day of September, 1899, large amounts of wood and logs had been cut by the plaintiff, and were there on the land, and have since been removed by the defendant, and appropriated to his own use, and the value thereof." The offer was rejected. This ruling involves the effect of the conveyance from Steward to the defendant, and while the authorities are perhaps not entirely harmonious in respect to the revocation of a license coupled with a consideration, we deem the correct rule to be that, as a license is terminated by any act of the licensor which shows an intention to revoke it, a conveyance by the licensor of some interest in the land inconsistent with the continued enjoyment of the license operates as a revocation, even if the license was granted upon a consideration. 18 Am. and Eng. Ency. of Law, 1141; Drake v. Wells, 11 Allen, 141; Bruley v Garvin (Wis.) 81 N. W. 1038, 48 L. R. A. 839; Thoemke v. Fiedler, 91 Wis. 386, 64 N. W. 1030; N. P. Railroad v. Paine, 119 U S. 561, 7 Sup. Ct. 323, 30 L. Ed. 513. In Thoemke v Fiedler, supra, the court says: "An easement is a permanent interest in the lands of another, with a right to enjoy it fully and without obstruction. Such an interest cannot be created by parol. It can be created only by a deed in writing or by prescription. But this agree ment did have the effect of a parol license. A license creates no estate in lands. It is a bare authority to do a certain act or series of acts upon the lands of another. It is a personal right, and is not assignable. It is gone if the owner of the land who gives the license transfers his title to another, or if

either party die. So long as a parol license remains executory it may be revoked at pleasure. So an executed parol license, under which some estate or interest in the land would pass, is revocable; otherwise title would pass without a written conveyance, 'in the teeth of the statute of frauds.' Nor is such a license made irrevocable by the fact that a valuable consideration is paid for it, or because expenditures have been made on the faith of it. None of these propositions are doubtful, upon the authorities." In Drake v. Wells, supra, the law applicable to this class of cases is stated with such clearness and accuracy that we make the following extended quotation from the opinion as delivered by Chief Justice BIGELOW: "The doctrine is now well settled that a sale of timber or other product of the soil, which is to be severed from the freehold by the vendee under a special license to enter on the land for that purpose, is, in contemplation of the parties, a sale of chattels only, and cannot be regarded as passing an interest in the land, and is not, for that reason, required to be in writing, as being within the statute of frauds. Such license to enter on the land of another, so far as it is executed, is irrevocable, because by the severance of the timber or other growth of the soil from the freehold in execution of the license it becomes personal property, the title to which is vested in the vendee absolutely, and the rule applies that, where chattels belonging to one person are placed or left on the land of another, with the permission or assent of the latter, the owner of the chattels has an implied irrevocable license to enter and remove them. In such case the owner of land cannot, by withdrawing his assent to enter on his premises, deprive the owner of chattels of his property, or prevent

him from regaining possession of them. The law will not lend its aid to the perpetration of a fraud. But it is otherwise where the contract has not been executed by a severance of the subject-matter of a contract of sale from the freehold. So long as the timber or other product of the soil continues in its natural condition, and no act is done by the vendee towards its separation from the soil, no property or title passes to the vendee. The whole rests in contract. A revocation of the license to enter on the land does not defeat any valid title. It does not deprive an owner of chattels of his property in or possession of them. The contract being still executory, no title has passed to the vendee, and the refusal of the vendor to permit the vendee to enter on the land for the purpose of dis connecting from the freehold the property agreed to be sold is only a breach of contract, the remedy for which is an action for damages, as in the common case of a failure or refusal to deliver ordinary chattels in pursuance of a contract of sale."

Applying these principles to the facts which we are bound to assume would have been proven had the circuit court ruled correctly on the introduction of evidence, we conclude that the plaintiff's right to cut timber on the land in question was terminated by its transfer; that the plaintiff owned and had a right to remove any timber which it had previously severed from the soil; and that, though not entitled to the injunction sought, it was entitled to recover the value of any timber taken by the defendant which it had severed from the land before the land was sold, the defendant, of course, being entitled to recover on his counterclaim the value of any timber severed and removed by the plaintiff subsequent to the revocation of the license. As the plaintiff was not permitted to show that the

defendant had converted severed timber belonging to the plaintiff, the judgment must be reversed. It is so ordered.