[No. 10599.  *En Banc.*  October 29, 1912.]

GUS A. WINCKLER, *Plaintiff*, v. J. P. STRICKLER *et al.*, *Defendants.*[1]

SPECIFIC PERFORMANCE—RELIEF—DAMAGES—DISCRETION. In an action for specific performance of a contract for the exchange of properties, in which there was a conflict in the evidence as to whether there had been a change of possession, an allowance of damages in lieu of specific performance will be sustained, where plaintiff is thereby fully compensated for his loss; since the relief is a matter resting in the sound discretion of the lower court.

Cross-appeals from a judgment of the superior court for Walla Walla county, Brents, J., entered November 11, 1911, in an action on contract. Affirmed.

*John C. Hurspool*, for plaintiff.
*Edward C. Mills*, for defendants.

MAIN, J.—In this opinion the parties will be referred to as plaintiff and defendants, both parties having taken an

[1]Reported in 127 Pac. 206.

appeal from the judgment of the trial court.

Some time prior to the 1st day of April, 1910, the parties to this action entered into negotiations looking to an exchange of properties. The plaintiff was to exchange certain real estate situated in the city of Walla Walla, then owned by one Matt Mosgrove, for a stock of merchandise situated at Hatton, Washington, and owned by the defendants. These negotiations terminated in a written contract between the parties, which provided for an exchange of the properties and was executed on July 1, 1910; the material parts of which are as follows:

"For a deed fully executed and clear abstract thereto by Matt Mosgrove, Milton, Oregon, and delivered to J. P. Strickler and H. W. DeMuth to certain real property located in Walla Walla, being lots 5, 6, 7, 8, and improvements thereto in Park Addition to the City of Walla Walla for the consideration of ($9,000) Nine Thousand Dollars. For the said consideration, J. P. Strickler and H. W. DeMuth agree to deliver free from all incumbrances, all of their entire stock of general merchandise in their store building at Hatton, Washington, consisting of hardware, dry goods, groceries, machinery and machine extras, and fixtures, shelving, counters except the following is to be reserved: 1 safe small one, 2 cash registers, shelving, counters, tables, counter scoops, 1 stool. The value of the above merchandise is to be ascertained from the invoices from such wholesale houses the goods having been bought plus the freight thereto, and any unmerchantable merchandise to be temporarily set aside or any unmarked goods without invoices then to be fairly adjusted to price, cost of invoicing to be paid by Messrs. Strickler & DeMuth. When invoice is completed the net total amount correctly ascertained, whatever amount found deficient to be paid in cash."

Immediately after the signing of this agreement, the parties executed promissory notes to each other in the sum of $1,000 each, as a guarantee that the contract would be performed by the parties thereto respectively, within the period of 30 days thereafter. No further mention need be made of these notes, as they do not become important in the decision

of the case, the plaintiff contending that they became inoperative by reason of a mutual agreement for an extension of time, and the defendants taking the position that they were given by way of penalty and in any event could only furnish a basis for nominal damages.

Soon after these various instruments were executed, the plaintiff went to Hatton, where he, in company with Mr. DeMuth, one of the defendants, proceeded to take an invoice of the stock of goods, and everything proceeded satisfactorily until it came to listing and invoicing the hardware, at which time the plaintiff took the position that the hardware was not intended to be included in the contract. Mr. DeMuth contended otherwise.

While this invoicing was going on, the plaintiff had caused to be prepared and submitted to the attorney for the defendants an abstract of title to the Walla Walla property. After the invoicing was completed, the parties all met again at Walla Walla. The attorney for the defendants thereupon raised certain objections to the title as shown by the abstract. Two questions were now in dispute between the parties: first, was the hardware intended to be included in the contract; and secondly, the objections to the title. Some days were spent by the parties in discussing these questions and in an endeavor to reach an adjustment. No satisfactory adjustment being reached, the defendants denied the plaintiff the possession of the stock of goods; and the plaintiff thereupon brought this action, seeking to reform the written contract so as to eliminate the hardware, and after such reformation, if granted, praying for specific performance, or if reformation was denied, specific performance of the contract as it was written. The defendants answered, denying the plaintiff's right to either reformation or specific performance, and praying for affirmative relief in the form of damages.

The plaintiff contended that the insertion of the word "hardware" in the written contract was done under such circumstances as to constitute a fraud upon him; the defend-

ants contending that the contract, as written, expressed the agreement of the parties. With reference to the second question, that of the objections to the title, the plaintiff contended that an oral stipulation had been entered into by which he was to have one hundred days in which to perfect the title, upon his giving a surety bond in the sum of $9,000. He further contended that he subsequently tendered a deed, together with such bond. The defendants denied this oral stipulation and denied that the deed and bond had been tendered. The case came on for trial, and the evidence on the behalf of the plaintiff and the defendants respectively, on both of the questions submitted, was directly and positively contradictory. The trial court made no findings of fact and conclusions of law, but simply entered judgment. This judgment denied the plaintiff the reformation of the contract, as contended for, and allowed the plaintiff the sum of $500 as damages and compensation for the failure on the part of the defendants to perform the contract, as modified by the mutual agreements and understandings of the parties. The effect of this judgment is to find the weight of testimony to be with the defendants on the question of the alleged fraud, and to be with the plaintiff on the question of the agreement for the extension of time and the tender of the bond and deed. We have read the entire record in this case and are unable to say that the judgment of the trial court on the questions presented is not sustained by the weight of the evidence.

The question now presents itself, whether the plaintiff is entitled to specific performance or damages, and if damages, the amount thereof. The evidence on the part of the plaintiff was to the effect that, immediately after the execution of the written contract, the defendants had assumed possession of the real estate, and that the plaintiff, immediately after the invoice, had taken possession of the stock of goods. The evidence on the part of the defendants denied that they had taken possession of the Walla Walla property and denied

that they had surrendered possession of the stock of goods to the plaintiff. The trial court must have found with the defendants on these questions, otherwise it would doubtless have entered a judgment for specific performance. Although in cases of this character, it is for the sound and legal discretion of the court to determine whether specific performance will be decreed or damages awarded. In *Bower v. Bagley*, 9 Wash. 642, 38 Pac. 164, this principle is stated thus:

"Whether the performance of a contract will be specifically enforced by the court depends upon the circumstances of the particular case. And the granting or refusing of the remedy has been said to be a matter resting in the sound and legal discretion of the court."

The plaintiff for the loss that he has sustained can be adequately compensated in damages, and we believe that the sum of $500 allowed by the trial court, under all of the circumstances of this case, does substantial justice between the parties.

The judgment is affirmed.

ALL CONCUR.