Rohr and wife, Respondents, vs. Schoemer and wife, Appellants.

*May 10—June 4, 1957.*

284

For the appellants there was a brief by *Miller & Hayes* of Sheboygan, and oral argument by *Randall H. Miller* and *John M. Hayes.*

For the respondents there was a brief and oral argument by *Fritz Herman* of Sheboygan.

MARTIN, C. J.  Plaintiffs own lot 20 in block 3 of assessment subdivision 11 in the city of Sheboygan. Defendants own lot 21, which adjoins lot 20 to the south. Both lots face east on North Eleventh street.

Plaintiffs acquired title to lot 20 by a conveyance from William Goodnough, Sr., on November 29, 1938. Goodnough died June 5, 1956.

Gustave Bethke and Louise Bethke, his wife, owned lot 21 prior to the death of Gustave in August, 1946. Defendants acquired title to the property by a conveyance from Louise Bethke, the survivor, on October 18, 1948. Louise died April 30, 1950.

About 1923 the Bethkes had installed a driveway along the north line of their property extending from the street to a garage at the rear of their premises. From the curb line to a point 36 feet beyond the west line of the sidewalk

the driveway was concrete and the north two feet three inches thereof encroached upon the lot owned by William Goodnough, Sr. From the time of its installation until August of 1956 the respective owners of both lots, their families, guests, and invitees used the driveway without objection.

In August, 1956, defendants removed a tree in the area between the sidewalk and the curb somewhat south of the north line of their property and constructed a new concrete driveway entirely on their own property. That part of the old concrete which had been located on the plaintiffs' property was removed with plaintiffs' consent. At the request of plaintiffs and unknown to the defendants, the contractor installing the new driveway widened that portion located between the sidewalk and the curb so that its position was approximately the same as that of the old concrete. The entire cost of the new driveway was borne by defendants. Thereafter defendants forbade plaintiffs to use the driveway.

The evidence showed that William Goodnough, his family, guests, and invitees used the driveway continuously for over twenty years without objection by the Bethkes. Defendants placed on the witness stand Mrs. Clara Bethke, widow of Fred Bethke who was the son of Gustave and Louise Bethke. Clara Bethke testified concerning conversations between William Goodnough, Sr., Gustave Bethke, and Fred Bethke, the latter having assisted his parents in the management of their property. Her testimony was admitted subject to objection by the plaintiffs to her competency to testify regarding conversations with deceased persons, with the understanding that the trial court would consider only admissible evidence.

Mrs. Bethke testified that the original driveway was placed as it was with William Goodnough's permission. Objection was made on the ground that the statement was hearsay. She testified that she was present when Goodnough and Gustave Bethke talked about locating the driveway and

reached a mutual agreement that Bethke would use a portion of Goodnough's land and Goodnough would have the right to use the driveway; that she knew of her own knowledge that consent was given and use under the consent was continued.

Plaintiffs contend that Mrs. Bethke was incompetent to testify under sec. 325.16, Stats., which provides, so far as material:

"No party or person in his own behalf or interest, and no person from, through, or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased . . . person in any civil action or proceeding, in which the opposite party derives his title . . . to the cause of action from, through, or under such deceased . . . person."

Clara Bethke was not a person having an interest in the property nor was she a person from whom a party in interest derived his interest, nor did she have any interest in the outcome of the litigation. She was competent to testify with respect to the agreement made in her presence between Goodnough and Gustave Bethke.

Nor is her testimony inadmissible as hearsay. It falls within the exception to the hearsay rule, the declarations testified to being admissions against the interest of both Goodnough and the Bethkes. See 4 Wigmore, Evidence (3d ed.), p. 150, sec. 1082; Id., 5, p. 265, sec. 1459.

Her testimony was sufficient to overcome the presumption of plaintiffs' right by prescription.

Plaintiffs urge that if Clara Bethke's testimony is admissible, it establishes a common right of way by mutual agreement. It was the trial court's view that the oral agreement for use in common of the driveway was in violation of the statute of frauds but that the resulting use by plaintiffs' predecessors

in title gave rise to the prescriptive right. That is not the law in Wisconsin.

In *Thoemke v. Fiedler* (1895), 91 Wis. 386, 389, 390, 64 N. W. 1030, where the court considered an oral agreement that one landowner was to have the right to make and maintain a ditch across the land of another for drainage purposes, it was held:

"The oral agreement under which the ditch across the defendants' land was made did not create an easement in the land. An easement is a permanent interest in the lands of another, with a right to enjoy it fully and without obstruction. Such an interest cannot be created by parol. It can be created only by a deed in writing, or by prescription. But this agreement did have the effect of a parol license. A license creates no estate in lands. It is a bare authority to do a certain act or series of acts upon the lands of another. It is a personal right, and is not assignable. It is gone if the owner of the land who gives the license transfers his title to another, or if either party die. So long as a parol license remains executory it may be revoked at pleasure. So an *executed* parol license, under which some estate or interest in the land would pass, is revocable. Otherwise title would pass without a written conveyance, 'in the teeth of the statute of frauds. . . .'

"Nor could the use of the ditch ripen into an easement by prescription, by adverse use, so long as the use exists and is exercised under the license. For in that case it is permissive and not adverse."

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiffs' complaint.