# ELLIOTT SUPPLY COMPANY, A Corporation, v. FRANK LISH.

(163 N. W. 271.)

**Trial court — instructions — contract — execution of — fraud in — evidence.**

    1. Evidence examined and *held* to warrant the instructions of the trial court

Note.—On the right to rely upon representations made to effect contract as a basis for a charge of fraud, see note in 37 L.R.A. 593, subdivision II. of which sets forth cases holding in accord with ELLIOTT SUPPLY Co. v. LISH, that the person guilty of fraud cannot urge negligence of defrauded party.

on the question of fraud inducing the execution of the contract involved in the suit.

**Agents — representations of — sale of goods — well-known brand — written order for — intention — rescission.**

    2. Where an agent represents that he is selling goods of a particularly well-known brand, and that the brand referred to is intended by the description employed in a written order, when, as a matter of fact, the agent does not intend to supply goods of the brand the purchaser intends to buy, the contract for the purchase may be rescinded.

**Contract — execution of — induced by fraud — negligence of innocent party — cannot be set up by agent — nor by seller.**

    3. One who by fraud induces another to enter into a contract with him is precluded from asserting that the innocent party was negligent in relying upon his fraudulent and false representations, instead of satisfying himself by an examination of a sample as to the character of the goods which the seller intends to supply.

Opinion filed May 12, 1917.

Appeal from the District Court, Stark County, *Crawford,* J.

Plaintiff appeals.

Affirmed.

*C. H. Starke,* for appellant.

The instructions of the trial court should be confined to the issues, and the court should not go outside the issues and instruct upon any other matter. To do so is reversible error. Christiernson v. Hendrie & B. Mfg. & Supply Co. 26 S. D. 519, 128 N. W. 608; Kunst v. Grafton, 67 W. Va. 20, 26 L.R.A.(N.S.) 1201, 67 S. E. 74.

The entire testimony of defendant shows merely a misunderstanding as to the terms used in the contract, and does not in any way amount to a claim or proof of fraud. Soper v. Tyler, 77 Conn. 104, 58 Atl. 699; Wigmore, Ev. §§ 2415, 2466.

Generally, to prove fraud as a defense, the same facts must be shown as would be necessary in an action for deceit, and the evidence must be strong and convincing. 35 Cyc. 84.

There is no proof of fraud in this case, and only such representations as are pleaded and relied upon can be considered by the jury. 20 Cyc. 104; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; Touchstone v. Staggs, — Tex. Civ. App. —, 39 S. W. 189; White v. White, — Tex. Civ. App. —, 95 S. W. 733; Thompson v. Jackson, 3

36 N. D.—41.

Rand. (Va.) 504, 15 Am. Dec. 721; Dolvin v. American Harrow Co. 28 L.R.A. (N.S.) 882, note.

M. L. McBride (*Fisk, Murphy & Linde* of counsel), for respondent.

Under an executory contract for the sale of goods like the one here involved, no title to the goods passes until the buyer has accepted the goods. Nichols & S. Co. v. Paulson, 6 N. D. 400, 71 N. W. 136.

An executed sale of goods takes place only when the seller has delivered and the buyer has accepted the goods. Com. v. Hess, 148 Pa. 98, 17 L.R.A. 177, 33 Am. St. Rep. 810, 23 Atl. 977.

It is the law that a party cannot take mere excerpts from the instructions of the court and upon them predicate error. The charge must be considered as a whole. Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841.

The appellant cannot claim that respondent was negligent, nor can he reap any benefits from any such claim. Elliott Supply Co. v. Green, 35 N. D. 641, 160 N. W. 1002.

BIRDZELL, J. This action was brought in the district court of Stark county to recover the purchase price of some plated silverware alleged to have been sold by the plaintiff to the defendant under the following contract:

·This Entire Order Is Wm. Roger's Goods.

Warranty: Any article which is not exactly as represented may be returned to us, and we will replace it with a new article without charge, regardless of the cost of the article.

Sales Guaranteed: We guarantee that the purchaser will sell a quantity of silverware in one year, which at the retail price will equal at least one and one-half times the amount of this order. If sales are less than this amount, we agree to take back at the purchase price, the goods remaining on hand at the expiration of this contract. This guaranty is given on condition that the purchaser will keep the goods displayed for sale in a showcase, and furnish us on the first day of each month an itemized list of all goods on hand. When the purchaser becomes satisfied with the sales, he may omit these lists without voiding any part of this contract except this paragraph.

Terms: This order is payable in six equal payments, due in three, five, seven, nine, eleven, and twelve months from date of invoice; provided the purchaser sends us promptly on arrival of the goods his six acceptances for the amount and terms of the above payments, or, if acceptances are not so sent, terms are cash; 5 per cent discount if paid in full promptly on the arrival of the silverware. In consideration of the conditions under which we sell our goods we cannot accept countermands, and the purchaser hereby agrees not to countermand this order. Purchaser pays all transportation charges. All goods shipped at our earliest convenience and returned only as herein provided. This contract contains all the conditions and agreement between the parties, and the purchaser hereby acknowledges a receipt of a duplicate thereof.

Elliott Supply Co.,<br>Hawkeye, Iowa.

The defendant and respondent defended the action below on the grounds, among others, that the plaintiff, through its agent, did, with intent to deceive and defraud the defendant, fraudulently represent that the words in the contract, "this entire order is Wm. Roger's Goods," meant that all the goods in said order were marked "Roger's Bros. 1847," the latter being a brand of goods which the defendant customarily and exclusively carried in stock. The issues were tried to a jury, and there was a verdict for the defendant. The appellant, in the specifications of error, challenges the correctness of the trial court's instructions to the jury, in which the court uses the following language:

"Now, the written contract signed by the parties is binding between the parties, but you have a right to determine what representations were made with reference to the particular goods; since they were both, the goods that were ordered and those intended to be ordered, as set forth by the defendant, manufactured by Roger's Brothers; 2 and:

"Now, if the defendant was ignorant of the different wares under Roger's Brothers or William Roger's Company, and this knowledge was within the knowledge of the plaintiff, and he concealed or misrepresented the different kinds of goods that were to be shipped, and misled the defendant thereby, why, then, the defendant would have a right to cancel the contract on the ground of fraud."

A perusal of the evidence and of the entire charge of the court

convinces us that there is no error in that portion of the charge above quoted. It appears, according to the testimony of defendant's witnesses, that the plaintiff's agent was informed by the defendant's purchasing agent that defendant handled nothing but "Roger's 1847;" that plaintiff's agent represented that he was selling that brand; that the manufacturers thereof had consolidated and had taken their wares from the jobbers and were selling direct to the dealers; and that defendant's agent further represented that this arrangement enabled the plaintiff to sell to the dealers at a saving of 10 per cent. Defendant's purchasing agent further testified that the plaintiff's agent said the goods were to be "Roger's 1847." In this testimony he is corroborated by a Mr. Lish, who was in the store at the time the order was signed and heard the conversation. It requires no argument to demonstrate that the testimony referred to amply warranted the instructions of the trial court on the question of fraud.

Appellant further assigns as error a ruling of the court under which defendant's agent was permitted to testify over objection that he would not have signed the order if he had known that the goods were not "Roger's 1847." Also another ruling whereby the same witness was permitted to testify that the goods received were not "Roger's 1847." There is no merit whatever in these specifications.

The only other specification is based upon the denial of a motion for a directed verdict, made upon the ground that the defendant was precluded by the negligence of his agent in not discovering the character of the goods contracted for when the contract was made. Appellant points out that it appears by the undisputed testimony that the sale was made by sample which was exhibited to the defendant, from which, had the defendant examined it, he would have known that the goods were not the brand he thought he was buying, and that, being thus negligent and careless in not examining the sample, he cannot now defend this suit for the price of goods bought on the written contract. Defendant's witnesses testify to the statement of the plaintiff's agent as to the brand of goods he said he was selling, and to reliance upon this statement. It does not lie in the mouth of one who has made representations such as those testified to by defendant's witnesses, to say that the opposite party to the transaction is negligent in relying upon them, rather than satisfying himself by an examination of samples at

hand. Furthermore, if the defendant's agent was induced to believe that the goods he was buying were of the brand that defendant had been carrying, and with which he was presumed to be familiar, he would care very little to examine a sample of such a well-known brand.

Had the contract been honestly made, and had the goods shipped complied with the description in the contract, we are of the opinion that the title would have passed when they were shipped by the seller, and that consequently this action might have been maintained for the price. The real question in the case is whether there was any binding contract, and not, as suggested by Mr. Justice Robinson in his opinion, as to whether the contract had been so far executed as to authorize the recovery of the price.

The case was properly tried below, and, finding no error, the judgment is affirmed.

GRACE, J., being disqualified, did not participate.

ROBINSON, J., concurring specially. This is an appeal from a verdict and judgment against the plaintiff in an action to recover $180 for merchandise which defendant refused to accept. The complaint avers that the defendant agreed to accept the merchandise and to pay $180. It appears that under the contract the plaintiff offered to deliver to the defendant a lot of plated silverware, which defendant refused to accept or receive on the ground that it was not in accordance with the contract.

While this is an action for the contract price of goods sold and delivered, there is no claim that the goods were ever delivered. The claim is that there was a written contract to sell and deliver certain goods and an offer to deliver the same, which defendant refused to accept. But in such a case an action does not lie to recover the value or selling price of the goods. If such were the law, a party having offered to deliver his goods might keep them and recover the contract price. In such a case the remedy of the seller is a suit for damages for failure to receive and pay for the property, and in general the measure of damages is the difference between the value of the property and its contract price. Comp. Laws, § 7156. Hence, the judgment is affirmed.