SCHNUERLE et al, Respondents, v. GILBERT et al, Appellants.

(180 N. W. 953.)

(File No. 4723.   Opinion filed January 15, 1921.)·

1.  **Costs—Injunction Against Land Trespass—Adjudging Additional Costs As Of "Special Proceeding"—Error.**

     Trial Court, in rendering judgment against a defendant in a suit for an injunction for land trespass and adjudging specified costs in connection with the judgment, awarded further costs "as the costs of the special proceeding herein." **Held,** such additional allowance of costs was without authority, the proceeding not being a special one but an action, in which the costs thereof had already been provided for.

2.  **Licenses—Agreement For Taking Gravel From Pit, With Right-of-Way Thereto, Whether A Realty Grant, Lease, Or License— License Defined—License of Homestead, Wife's Signature, Immateriality—Licensee's Assignee A Land Trespasser.**

A written contract between the owner of a homestead and another, covenanting and agreeing to sell to latter and permit him to remove from the realty gravel and sand at a specified price per cubic yard, the land owner further agreeing to furnish and keep in repair a graveled roadway leading from the pit to the adjacent highway, over which the party taking gravel might enter and travel in removing the gravel, etc., is not a grant, nor a lease, of realty; it was and only purported to be a license; hence, the absence of wife's signature to contract is immaterial; and the fact that the agreement was in writing did not change its character; a license being a personal, revocable and unassignable privilege, conferred either by writing or parol, to do one or more acts on land without possessing an interest therein; hence, an assignee of the contract took nothing thereunder, and his acts done on the premises were without authority.

3.   **License—Taking Gravel From Pit, Damages For—Licensee's Assignee A Trespasser—Whether Licensee Liable For Assignee's Acts; Whether Licensor May Revoke License Without Reimbursing Licensee For Expenses; Whether Licensor, Plaintiff Re Injunction v. Licensee, Bound To "Do Equity;" Whether Homestead Right Invaded By Trespasser, Immaterial.**

Where a licensee of realty for purpose of taking therefrom gravel, etc., from a pit, and who had improperly assigned the license to another, would have been liable for damages had he committed the acts his assignee committed, is unnecessary to decide in a suit by licensor against licensee and his assignee, for damages in performing acts under the license; as also the question whether plaintiff could revoke the license without reimbursing licensee for expenses in installing a plant on the land, as also the question whether plaintiff should have observed the maxim "He who seeks equity must do equity," in bringing the suit had it been against the licensee alone, as also the question whether there was or not an invasion of the homestead right.

4.   **Appeal—Error—Right Judgment on Wrong Reasons, Immateriality.**

Although the reasons assigned by trial Court for entering judgment against appellant were erreoneous, the judgment was right as to him.

5.   **Judgments—Judgment Against Defendant After Dismissal Re Him—Error.**

It was error for trial Court to enter judgment against a defendant after having dismissed suit as to him.

Appeal from Circuit Court, Brown County. HON. FRANK ANDERSON, Judge.

Action by John Schnuerle and another, against C. E. Gilbert and another, for damages for trespass upon realty alleged to have been committed after a specified date, upon which date defendant Gilbert assigned a land license to defendant Humphrey. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Judgment modified, and as modified, affirmed.

*Williamson, Williamson & Smith,* for Appellants.

*Amos N. Goodman,* and *James M. Brown,* for Respondents.

(2)   To point two, Appellants cited, re wife's signature: Price and Baker v. Madison (S. D.), 95 N. W. 933; McCoy v. Herbert, (Va.) 33 Am. Dec. 256; Johnson v. Barton, 23 N. D. 629; 137 N. W. 1092; 44 L. R. A. (N. S.) 557; Harkness v. Burton, 39 Ia. 101.

Respondent cited, re wife's signature: Sec. 451, Code 1919; Kaiser v. Klien, 29 S. D. 464; Yusko v. Studt, 163 N. W. 1066; Southern Oil Co. v. Colquitt (Texas), 69 S. W. 169.

GATES, J.   Action for damages for trespass upon real property committed subsequently to December, 1919, and for an injunction.

The plaintiffs, being husband and wife, occupied as their homestead a tract of land containing 56.7 acres situate about 2½ miles from Aberdeen, S. D., the title to which was in the husband. On April 2, 1919, the husband alone entered into a written contract with defendant Gilbert in words and figures as follows:

"This agreement, made and entered into at Aberdeen, S. D., this 2d day of April, 1919, by and between John Schnuerle, of Aberdeen, Brown County,, S. D., party of the first part, and C. E. Gilbert, of the same place, party of the second part, witnesseth: That the party of the first part, being the owner of the following described real property, located and situated in Brown county, S. D., to wit: The fifty-six and seven-tenths acres of land comprised within outlot C in section 26, township 123, range 64, which said property contains a gravel bed—contracts, covenants, and agrees with party of the second part to sell to and permit the party of the second part to remove from said real property gravel and sand until all of the gravel and sand is removed from said real property excepting about one acre around and upon which the buildings upon said land stand.

"And the party of the second part contracts and agrees to pay party of the first part for all gravel, sand, stone and dirt removed from said land a purchase price of three cents per square yard [the parties agreed that this meant cubic yards] for the first twenty-five thousand square yards, and four cents per square yard for all gravel, sand, stone, and dirt removed therefrom in excess of twenty-five thousand yards, and to remove from said premises during the year 1919 at least twenty-five thousand yards.

"And the party of the first part contracts and agrees with the party of the second part to furnish immediately and keep in repair, well graveled and dragged at all times necessary, a good substantial roadway leading from the · pit on the real estate above described to the highway running east and west on the north side of Riverside Cemetery. The party of the second part agrees to load all gravel for party of the first part necessary to gravel said driveway. The party of the first part hereby contracts and agrees to permit the party of the second part to enter upon and into possession of said real estate at any and all times to load and remove the gravel, sand, stone and dirt therefrom until all gravel and sand is removed to the satisfaction of the party of the second part.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and yead first above written."

Large quantities of sand and gravel were removed by Gilbert, who expended several thousand dollars in opening the pit and installing machinery to work it. All this was done with the knowledge and acquiescence of the plaintiff wife. On November 18, 1919, Gilbert assigned said contract to defendant Humphrey and transferred to him the said machinery. The further happenings are thus stated in the language of the findings made by the trial court:

"That, after notice came to the plaintiffs of the assignment of said contract to the defendant G. W. Humphrey, they refused to recognize the same and caused locks to be placed upon the gate of the roadway into said premises, and both of said plaintiffs notified both of the defendants on or about December 1, 1919, not to enter the premises of the plaintiffs and not to remove any more sand and gravel from said premises, * * * and that the said defendants C. E. Gilbert and G. W. Humphrey, notwithstand-

ing such notice and the acts of the plaintiffs herein, forcibly and repeatedly entered upon said premises and removed sand and gravel therefrom, and that the defendant G. W. Humphrey has so continued to enter said premises and remove sand and gravel therefrom against the will of both of the plaintiffs herein from said December 1, 1919, up to the time of the trial of this action."

[1] The action was dismissed as to defendant Gilbert. The matter of damages occasioned by defendant Humphrey after December 1, 1919, was submitted to a jury which brought in a verdict of $250 in favor of plaintiffs. The injunction features were tried by the court, which made findings and conclusions and judgment for plaintiffs canceling the contract on the ground that it was void as a transfer of an interest in the homestead because the wife did not join, and enjoining defendants from entering upon the land after giving them a reasonable time to remove the machinery. In addition to the judgment for $250 and costs amounting to $56.50, the court awarded further costs in favor of plaintiff in the sum of $25 "as the costs of the special proceeding herein." Of course, such last-named allowance was entirely without authority. This was no special proceeding. It was an action, and the costs thereof had already been provided for. The last-named allowance is therefore stricken from the judgment. Defendants appeal from the judgment.

The appellants contend that, at the time of the transfer to Humphrey, the contract amounted to an executed irrevocable license and was valid without the wife's written consent. Respondents contend that the contract was in effect a transfer of the homestead, and therefore void because of the absence of the written consent of the wife.

[2] The written agreement above set forth was not, and did not purport to be, a grant of real property nor was it a lease of real property. It was, and only purported to be a license. If there had been an oral agreement instead of a written one, it would have been a mere license. The fact that it was in writing did not change its character. Price & Baker Co. v. Madison, 17 S. D. 247, 95 N. W. 933. If the wife had also signed the instrument, it still would have been a mere license. The term "license" as applied to the law of real property is thus defined in 17 R. C. L. 564:

"A license is defined as a personal, revocable, and unassignable privilege conferred either by writing or parol to do one or more acts on land without possessing any interest therein. It is a distinguishing characteristic of a license that it gives no interest in the land and that it may rest in parol."

The defendant Humphrey therefore took nothing by the purported assignment, and his acts done on the premises were without authority.

[3] Therefore whether, if Gilbert had done the acts alleged to have done by Humphrey after the attempted revocation of the license, he would have been liable for damages, it is not necessary to decide. Nor is it necessary to decide whether plaintiffs could revoke the license without reimbursing him for the expenses incurred in installing the plant. Nor is it necessary to determine whether plaintiffs should have observed the maxim, "he who seeks equity must do equity," in bringing this action, if it had been against the defendant Gilbert alone. Nor is it necessary to discuss the alleged invasion of the homestead right.

[4] Although the reasons assigned by the trial court for entering judgment against appellant Humphrey were erroneous, the judgment was right as to him.

[5] After having dismissed the action as to defendant Gilbert, it was error for the trial court to enter judgment against him in this action. The judgment is therefore modified by striking the name of defendant Gilbert therefrom.

As herein modified, the judgment is affirmed, without costs to either party.