GILBERT, Respondent, v. SCHNUERLE et al, Appellants.·

(207 N. W. 163.)

(File No. 5609. Opinion filed February 8, 1926.)

1. **Licenses—Damages—Evidence—Evidence as to Expense Incurred in Developing License Held Properly Admitted, in Action for damages for Revocation of License.**

   Where licensee, suing for revocation of license, alleged sale of his interest to another, evidence as to expense incurred by licensee in developing license was properly admitted, where alleged sale fell through, as licensee stood in same situation as if sale had never been attempted.

2. **Licenses—Evidence—Damages—Exclusion of Testimony as to Removal of Equipment Not Prejudicial Error in Action for Damages for Revocation of License.**

   In action for damages resulting from revocation of license to remove sand and gravel from certain land, it was not projudicial error to not permit licensee to testify that he personally removed certain machinery from sand pit; action not being brought to recover cost of equipment.

3. **Judgment—Trespass—Res Adjudicata—Pleadings, Findings, and Judgment in Trespass Action Inadmissible, in Action for Revocation of License.**

   Pleadings, findings, and judgment, in trespass action by licensor against licensee and his assignee, were inadmissible, in action by licensee for damages for revocation of license, since subject-matter of the two actions was not the same.

4. **Judgment—Res Adjudicata—Findings and Judgment Not Binding on One Against Whom Case Was Dismissed.**

   Where action in trespass by licensor against licensee and his assignee was dismissed as to licensee, findings and judgment therein were inadmissible in subsequent action by licensee for damages for revocation of license, since he was not bound by them.

5. **Licenses—Damages—Contracts—Licensee Expending Sums in Developing License Entitled to Damages on Revocation Thereof.**

   Where licensee expended large sums in changing licensor's property from undeveloped tract into completely equipped sand mine, he was entitled to damages on revocation of license, since revocation is not permitted where contract was partially executed.

   Polley and Sherwood, JJ., dissenting.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Action by C. E. Gilbert against John Schnuerle and another. From a judgment for the plaintiff and an order denying new trial, defendants appeal.   Affirmed.

*Amos N. Goodman* and *James M. Brown,* both of Aberdeen, for Appellants.

*Williamson, Williamson & Smith,* of Aberdeen, for Respondent

(1)   To point one of the opinion, Respondent cited:   Butz v. Richland Township, 28 S. D. 442, 134 N. W. 894.

(3) and (4)   To points three and four, Respondent cited: Berry v. Howard, 33 S. D. 447, 146 N. W. 577.

DILLON, J.   A statement of the facts in this case may be found in Schnuerle et al v. Gilbert et al, 43 S. D. 535, 180 N. W. 953.   In this former case, Gilbert, respondent in the case now at bar, was a defendant with one Humphrey.   In the opinion handed down in the former case, this court modified the judgment of the lower court by striking the name of Gilbert therefrom. Ever since then appellants herein have prevented and refused to allow respondent to enter said premises or to mine sand and gravel therefrom.   Plaintiff has spent some $3,000 in constructing the mine, installing and taking off equipment, exclusive of the cost of the machinery, and in building a roadway, and brought this action to recover damages suffered by him because of the revocation of his license.   The lower court entered judgment for plaintiff, and it is from such judgment and order denying a new trial that this appeal is taken.

[1]   Assignments of error Nos. 1, 2, 3, 4, 7, having to do with the admission and rejection of evidence to prove what expense respondent incurred in developing the sand mine, are answered by the decision of Schnuerle v. Gilbert ,supra.   It is the contention of appellants that, since respondent alleges in his complaint that he sold his interest in the sand pit to Humphrey, that this testimony was improperly received. However ,after the above-mentioned decision was handed down, the sale with Humphrey fell through, so there never was a sale to Humphrey of either the contract or the equipment, and respondent stands in the same situation as if the sale of the contract had never been attempted.

[2]   Assignment No. 5 predicates error in that plaintiff was not permitted to testify that he personally removed certain ma-

chinery from the sand pit before the attempted sale to Humphrey. We fail to see where there was any prejudicial error in this ruling, since this action was brought to recover damages and not to recover the cost of the equipment.

[3, 4] In assignment No. 8 defendants claim that the trial court erred in refusing to admit defendant's offer of certain exhibits; these exhibits being the pleadings, findings and judgment in the case of John Schnuerle and Martha Schnuerle v. Gilbert and Humphrey, supra. However, the subject-matter of the two actions was not the same; the former action being for trespass, and this action being for damages caused by the revocation of a contract. The first cause of action was dismissed by this court as against respondent, and he cannot now be bound by the findings and judgment therein. 23 Cyc. 1243.

Further assignments of error challenge the sufficiency of the evidence to sustain the findings. However, there is no merit whatever in this contention, and the facts hereinbefore set forth amply justify the findings made.

[5] In the former opinion of Schnuerle v. Gilbert, supra, this court construed the contract between appellants and respondent to create a license in respondent. In Butz v. Richland Township, 28 S. D. 442, 134 N. W. 895, this court held:

"Where, however, the licensee has acted under the authority conferred by the licensor, and has incurred expense in carrying out its provisions, equity regards it as an executed contract and will not permit it to be revoked."

In the instant case, the evidence clearly shows that the respondent expended large sums of money in changing the property of appellant from an undeveloped tract into a completely equipped sand mine, including roadways. The contract between appellants and respondent was a partially executed contract, and must be held to justify the award of damages.

The judgment and order denying a new trial are affirmed.

POLLEY and SHERWOOD, JJ., dissent.

Note —Reported in 207 N. W. 163. See, Headnote (1), American Key-Numbered Digest, Licenses, Key-No. 63, 37 C. J. Secs. 184; 206; (2) Licenses, Key-No. 63, 37 C. J. Sec. 206; (3) Judgment, Key-No. 586(1), 34 C. J. Sec. 1324; (4) Judgment, Key-No. 654, 34 C. J. Sec. 1416; (5) Licenses, Key-No. 63, 37 C. J. Secs. 195, 206.