BOROSEPTIC CHEMICAL CO., Appellant, v. NELSON, Respondent.

(221 N. W. 264.)

(File No. 6343. Opinion filed October 6, 1928.)

H. A. Robinson, of Yankton, for Appellant.
James Kirk, Jr., of Avon, for Respondent.

MORIARTY, C. In this case the record shows no motion for a new trial, and the only error assigned is that the trial court erred in making its conclusions of law and in entering its judgment thereon, for the reason that the findings are insufficient to support the court's conclusion of law No. 2. Therefore the only question presented to this court is that presented by such assignment, and we may take the findings of fact as made by the trial court to be conceded facts relevant to the issues.

The trial court found the facts to be as follows:

On or about May 22, 1918, the defendant, J. B. Nelson, signed a writing of which the following is a copy:

"Make all checks payable to the Boroseptic Chemical Co. In Duplicate. Amount $230.00. Boroseptic Chemical Co., Minneapolis, Minnesota. Par value $100.00 a share.

"I hereby subscribe for 2 fully paid and nonassessable shares of the Guaranteed 7% preferred full participating stock of the Boroseptic Chemical Company, and agree to pay $115 a share therefor.

"The amount of capital stock of this corporation shall be and is one million dollars ($1,000,000.00) divided into ten thousand (10,000) shares—three hundred thousand dollars ($300,000.00) common and seven hundred thousand dollars ($700,000.00) pre-

ferred of the par value one hundred dollars ($100.00) each fully paid and nonassessable."

No stock has ever been issued or tendered to the defendant such as called for by his subscription for stock of the plaintiff corporation. The plaintiff company has no such stock.

From these findings of fact the trial court entered three conclusions of law, as follows:

1. "That the greater part of the payments to be made under the subscription contract are barred by the statute of limitations."

2. "That the articles of incorporation of the plaintiff company do not provide for or authorize the sale or issuance of stock such as agreed to be sold to the defendant and subscribed for by him, and said subscription contract is without consideration and void."

3. "That defendant is entitled to the findings above set forth as appears by the decision of the court as filed herein, and is entitled to judgment dismissing plaintiff's complaint and for his costs and disbursements in said action."

As previously stated herein, the only contention raised by appellant's assignments of error is that the judgment should be reversed because the findings are insufficient to support the trial court's conclusion of law No. 2, above set forth. And appellant's counsel confines his argument to the one contention that the contract providing for the issuance to the defendant of two shares of the "guaranteed 7% preferred full participating stock" of the corporation means nothing more than two shares of the preferred stock of the company, and that the provisions of the articles of incorporation authorize the company to issue such stock.

But respondent's counsel, while contending that the provision for "guaranteed 7% preferred full participating stock" means something more than ordinary preferred stock authorized by the articles, further argues that, even though the corporation had authority to issue the stock described in the contract, it cannot recover in this action without issuing such stock and tendering its delivery to the defendant.

It will be noted that there is no assignment that the findings are insufficient to support conclusion of law No. 3, above set forth, and if that conclusion is supported by the findings the judgment must be affirmed, independently of conclusion No. 2.

In its finding No. 7 the trial court found that no stock has

ever been issued or tendered to the defendant such as is called for by his subscription for stock in the plaintiff corporation. This finding stands unchallenged, and it is admitted in appellant's statement that—

"No stock was issued or tendered to defendant, except as tendered in plaintiff's complaint contingent upon defendant's paying the unpaid balance upon same as per contract."

The question whether tender of the stock was required depends upon the construction to be placed upon the nature of the contract. If the contract is to be construed in the strict sense as a stock subscription, no tender is required. On the other hand, if it be construed as an executory contract for the purchase of stock, most courts hold that final payment for the stock cannot be recovered without the actual issue and tender of the stock, unless, of course, acts of the purchaser have waived tender.

The rule that subscribers to stock, limiting the term to its strict sense, are held liable without issue of the stock to them, seems to be based upon the fact that such subscribers become stockholders immediately upon subscribing. In construing any contract for the taking of stock in a corporation, the question whether it is a stock subscription or an executory contract for the purchase and sale of stock is to be determined from the terms of the contract itself, and the intention of the parties. Fletcher, Encyclopedia of Corporations, § 520; Williston on Sales, §§ 261-263; Barnard v. Tidrick, 35 S. D. 403, 152 N. W. 690; Lincoln Shoe Mfg. Co. v. Sheldon, 44 Neb. 279, 62 N. W. 480.

If the contract is such as to convey the present rights of a stockholder, it is a subscription, in the strict sense. If the contract indicates that it is the intent of the parties that title to the stock and the rights of a stockholder shall not pass until some future time, it is to be construed as an executory contract for the purchase and sale of the stock. Barnard v. Tidrick, supra; Revised Code of 1919, § 925; Bole v. Fulton, 233 Pa. 609, 82 A. 947.

Measured by these standards, the contract involved in the instant case must be held to be an executory sale contract.

The provision that the stock shall be issued upon the completion of payment therefor, at a future date, negatives the intent to have title pass on the making of the contract.

The evident intent of the contract is that title to the stock

should not pass to the defendant until payment had been completed. And plaintiff's statement says that—

"No stock was issued or tendered to defendant, except as tendered in plaintiff's complaint contingent upon defendant's paying unpaid balance upon same as per contract."

Under this state of the record, we do not consider it material whether or not the plaintiff corporation had authority to issue stock of the kind specified in the contract. Title to the stock never passed to the defendant, and he refuses to accept it or pay for it.

Section 1974 of the Revised Code of 1919 provides:

"The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is vested in him, is deemed to be the contract price."

Section 1975, Revised Code of 1919, provides:

"The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be: * * * If the property has not been resold in the manner prescribed by section 1692, the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it."

It is apparent that any recovery by the plaintiff herein must be had under the provisions of section 1975, above quoted, and not under the provisions of section 1974. Dowagiac Mfg. Co. v. White Rock Lumber & Hardware Co., 18 S. D. 105, 99 N. W. 854; Tuthill v. Sherman, 36 S. D. 237, 154 N. W. 518; Elliott Supply Co. v. Lish, 36 N. D. 640, 163 N. W. 271. The plaintiff could not recover in this action under the record now before this court.

Appellant's counsel says, in his argument:

"The theory urged by defendant, and upon which the trial court decided this case, was that guaranteed 7 per cent preferred stock was in the nature of a bond, creating a debt, * * * and consequently not such stock as was authorized by the charter, which provided for the issuance of 'preferred' stock."

If the judgment is correct, and supported by the findings and conclusions, the theory by which the trial court reached such

correct result is immaterial. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; Schnuerle v. Gilbert, 43 S. D. 535, 180 N. W. 953; McDowell v. Jameson, 44 S. D. 480, 184 N. W. 251; Ward v. Alpine Tp., 204 Mich. 619, 171 N. W. 446.

Finding no reversible error in the record, the judgment appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in result.